CHARLES SHERWIN ET AL. *v.* UNITED STATES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 379.   Argued April 16, 1925.—Decided May 25, 1925.

Section 9 of the Federal Trade Commission Act grants immunity from prosecution only where testimony is given or evidence produced before the commission in obedience to a subpoena issued by it, and not where information was furnished upon the demand made by an agent of the commission after the commission had requested such information by letter. P. 372.

290 Fed. 517; 297 *id.* 704, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a conviction and sentence in a criminal case in the District Court in which the petitioner's plea of immunity was denied.

*Mr. S. R. Sayers,* with whom *Mr. W. P. McLean* was on the brief, for petitioners.

*The Solicitor General* and *Mr. Merrill E. Otis,* Special Assistant to the Attorney General, for the United States.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Sherwin and Schwarz were indicted in the federal court for northern Texas, under § 215 of the Criminal Code, for

using the mails in consummation of a scheme to defraud; and also, under § 37, for a conspiracy to commit the offense. They filed in bar a plea of immunity under § 9 of the Federal Trade Commission Act, September 26, 1914, c. 311, 38 Stat. 717, 723. Their claim was that the indictment rested upon information which the Commission had compelled them to give. There was a replication; issue was joined; a trial was had upon the plea; and under instructions of the court, the jury found against the defendants upon their plea of immunity. They were found guilty upon the various counts of the indictment and sentenced. *United States* v. *Lee,* 290 Fed. 517. The judgment was affirmed by the United States Circuit Court of Appeals. 297 Fed. 704. This Court granted a writ of certiorari. 265 U. S. 578. Whether the giving of the information under circumstances to be stated created an immunity is the sole question for decision.

The Federal Trade Commission Act in § 5 empowers and directs the commission to prevent the use of unfair methods of competition and provides for proceedings to that end. In § 6 it provides that the commission shall have power to investigate the practices of corporations engaged in interstate commerce; and may require of them special reports in writing, under oath or otherwise, concerning their practices. In § 9 it provides that the commission or its agents shall " have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against "; and " to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. Any member of the commission may sign subpoenas, and members and examiners of the commission may administer oaths and affirmations, examine witnesses, and receive evidence." Methods of enforcing obedience to such orders are provided by § 9. Refusal " to attend

and testify, or· to answer any lawful inquiry, or to produce documentary evidence . . . in obedience to the subpoena or lawful requirement of the commission " is punishable criminally under § 10. It is further provided by § 9:

" No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpoena of the commission on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it: *Provided,* That no natural person so testifying shall be exempt from prosecution and punishment for perjury committed in so testifying."

· Sherwin and Schwarz were the promoters of alleged gas and oil properties conducted under the names of General Lee Interests Nos. 1 and 2, and General Lee Development Interests. The commission addressed to the concern letters requesting, under §§ 5, 6, 9 and 10 of the · Act, detailed information in writing concerning its organization and business. No reply was made thereto. Later, an agent of the commission, referred to as a special examiner, called in person at the office of the concern and demanded the information. This was at first refused, on the ground that the concern, being a common law trust, was not subject to the jurisdiction of the commission. The agent insisted that the· Act required Sherwin and Schwarz to·give the information and answers sought; pointed out that refusal to comply with the commission's request would subject them to the criminal penalties provided in the Act; and, in so doing, omitted to call to

their attention the provision granting immunity from subsequent prosecution under certain circumstances. Conferences were then had with their legal adviser. Thereupon, they gave the agent access to books and papers; furnished him copies of some documents; and answered freely the enquiries made by him. It does not appear that the commission, or any member thereof, ever issued any order in the matter. There was no hearing of any kind, unless the informal conversations of the agent with Sherwin and Schwarz could be called such. No subpoena from any source was ever served upon Sherwin or Schwarz or any other person connected with their business. No one made any answer under oath either orally or in writing. There was no claim by Sherwin or Schwarz of immunity, or that the giving of information might tend to incriminate them. The subsequent prosecution which resulted in the indictment was instituted by a post office inspector. It does not appear that the Federal Trade Commission had any part in the prosecution or communicated any of the information gained to any government officials who did have; or that any fact was elicited by the commission which connected Sherwin and Schwarz with the crime of which they were convicted.

The question is not, as in *Councilman* v. *Hitchcock,* 142 U. S. 547; *Brown* v. *Walker,* 161 U. S. 591; and *Hale* v. *Henkel,* 201 U. S. 43, whether the immunity provided by the Act is sufficiently broad to deprive the witness of his constitutional privilege against self-incrimination. It may be that, for this and other reasons, Sherwin and Schwarz could not have been compelled to furnish the information which they gave. See *Federal Trade Commission* v. *American Tobacco Co.,* 264 U. S. 298. The question is not, as in *Glickstein* v. *United States,* 222 U. S. 139, and *Cameron* v. *United States,* 231 U. S. 710, whether an admitted immunity extends to the particular attempted use of the testimony. Nor is it necessary to

consider the question involved in *Heike* v. *United States,*
227 U. S. 131, whether the information given was beyond
the protection of the immunity provision because not of
an incriminating nature and but remotely, if in any way,
connected with the transactions forming the basis of the
later prosecution. The immediate question here is
whether, under this particular immunity provision, the
mere furnishing of information of whatever character
creates an immunity which bars the prosecution. Com-
pare *Tucker* v. *United States,* 151 U. S. 164, 167–169.

The question is said to be one of statutory construc-
tion. But, upon the facts stated, it is clear that there
was no basis for the plea of immunity. The Act grants
immunity only when the person testifies or produces evi-
dence " before the Commission in obedience to a sub-
poena issued by it." Sherwin and Schwarz did nothing
in obedience to a subpoena. None was issued. Whether
the judgment below was right for other reasons also, we
need not consider. The case is wholly unlike *United
States* v. *Pardue,* 294 Fed. 543.

*Affirmed.*