### PANDOLFO v. BIDDLE, Warden of Penitentiary.

(Circuit Court of Appeals, Eighth Circuit. September 17, 1925.)

No. 7014.

**Criminal law �köö42 — Immunity not granted by Federal Trade Commission Act to one appearing and testifying voluntarily.**

Federal Trade Commission Act, § 9 (Comp. St. § 8836i), grants immunity only to one testifying or producing evidence "before the commission in obedience to a subpœna issued by it," and so not to one appearing and testifying, not in obedience to subpœna, but voluntarily.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus proceeding by Samuel C. Pandolfo against W. F. Biddle, Warden of

the United States Penitentiary at Leavenworth, Kan. Discharge denied, and petitioner appeals. Affirmed.

L. S. Harvey, of Kansas City, Kan. (W. E. Stickel, of Kansas City, Kan., on the brief), for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. This is an appeal by Samuel C. Pandolfo from an order denying his discharge in a habeas corpus proceeding.

In February, 1919, the Federal Trade Commission commenced an investigation of the Pan Motor Company (hereinafter called the Company). Pandolfo was president of the company. On March 6, 1919, the commission wired the company, requesting copies of its monthly trial balances and financial statements, from September 30, 1918, to date, and certain other information supplemental thereto. On the same date the company answered this request by wire, signed "Pan Motor Company, Pandolfo," stating: "Will take much pleasure in submitting to you copy of J. G. White Engineering Corporation report, also many other reports from examiner, committees, and investigators, together with certified public accountant's audit, and * * * other information. * * * " On March 10, 1919, the commission addressed a letter to the company, in which it inclosed a questionnaire and requested that the same be answered and returned. This questionnaire was returned March 22, 1919. Thereafter, between March 29, 1919, and April 10, 1919, an exchange of telegrams took place between the commission and the company and its officers. These telegrams show that the commission requested Pandolfo to appear before it and make a voluntary statement, and that Pandolfo answered in part as follows: "I am exceedingly willing and anxious to make voluntary statement to your honorable commission." Thereafter, Pandolfo appeared and testified before the commission.

On April 5, 1919, Pandolfo was indicted for violations of Sections 215 and 37 of the Penal Code (Comp. St. §§ 10385, 10201). He was tried and convicted, and sentenced to serve a term of ten years in the United States penitentiary at Leavenworth and to pay a fine of $4,000. This judgment was affirmed by the Circuit Court of Appeals for the Seventh Circuit. Pandolfo v. U. S., 286 F. 8. After his commitment to the penitentiary, Pandolfo brought this proceeding to secure his discharge.

Pandolfo contends that he was prosecuted and convicted on account of the transaction, matter, and thing concerning which he testified before the commission; that under the provisions of section 9 of the Federal Trade Commission Act, 38 Stat. 722 (Comp. St. 8836i), he was given absolute immunity from such prosecution, and that therefore the judgment of conviction was void. The section of the Federal Trade Commission Act above referred to in part provides:

"No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpœna of the commission on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpœna issued by it."

We are not here confronted with the question of whether the immunity provided by the act is sufficient to deprive the witness of his constitutional privilege against self-incrimination, but the question is: Did the testimony given or evidence produced by Pandolfo bring him within the immunity provision? It will be noted that the immunity is limited to a transaction concerning which one testifies or produces "evidence, documentary or otherwise, before the commission in obedience to a subpœna issued by it." In Sherwin et al. v. U. S. (C. C. A.) 297 F. 704, and 268 U. S. 369, 45 S. Ct. 517, 69 L. Ed. 1001, the Supreme Court, construing this section, said:

"The act grants immunity only when the person testifies or produces evidence 'before the commission in obedience to a subpœna issued by it.'"

Pandolfo appeared and testified, not in obedience to a subpœna, but voluntarily. Testifying under such circumstances did not render him immune from prosecution.

Whether the question of immunity can be raised in a proceeding in habeas corpus need not be determined.

The judgment of the District Court was right and is affirmed.