### CANNAN v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
June 13, 1927.

No. 4883.

1. **Criminal law** ⟨⇒42—Defendant, answering Federal Trade Commission's questionnaire and testifying before examiner without being subpœnaed, held not immune from prosecution for using mails to defraud by sale of stock (Criminal Code, § 215 (Comp. St. § 10385); Federal Trade Commission Act, § 10 [Comp. St. § 8836j]).

Defendant, who answered questionnaire of Federal Trade Commission relative to a trust estate, shares of which defendant was selling, including Commission's demand for trial balance and financial statements, accompanied by letter calling defendant's attention to penalties provided by Federal Trade Commission Act, § 10 (Comp. St. § 8836j), for failure to answer lawful inquiries, and who thereafter testified before Commission's examiner without being subpœnaed, held not immune from prosecution for using mails to defraud, under Criminal Code, § 215 (Comp. St. § 10385).

2. **Criminal law** ⟨⇒521—Documents furnished. Federal Trade Commission because of threats of prosecution held inadmissible as involuntary confessions, in prosecution for using mails to defraud by sale of stock (Federal Trade Commission Act, § 10 [Comp. St. § 8836j]; Criminal Code, § 215 [Comp. St. § 10385]).

Trial balance and financial statement of trust estate, stock of which defendant was selling, furnished to Federal Trade Commission by defendant in compliance with its written demand and threat of penalties provided by Federal Trade Commission Act, § 10 (Comp. St. § 8836j) held in nature of involuntary confessions, and such documents and copies thereof were not admissible in prosecution for using mails to defraud by sale of stock in violation of Cr. Code, § 215 (Comp. St. § 10385) confessions not being made voluntary because used in seeking to avoid prosecution.

3. **Criminal law** ⟨⇒521—Confession induced by official threat of prosecution is "involuntary."

No confession induced by official threat of prosecution is voluntary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Involuntary.]

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

C. C. Cannan was convicted of using the mails to defraud, and he brings error. Reversed and remanded for new trial.

Clyde Sweeton, K. C. Barkley, and J. L. Webb, all of Houston, Tex. (Vinson, Elkins, Sweeton & Weems, of Houston, Tex., on the brief), for plaintiff in error

Clarence Kendall, Asst. U. S. Atty., of Houston, Tex. (H. M. Holden, U. S. Atty., of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The defendant, Cannan, was convicted on an indictment which charged him with using the mails for the purpose of executing a scheme to defraud, in violation of section 215 of the Criminal Code (Comp. St. § 10385). The scheme alleged was that defendant would collect money from purchasers of shares or units of the Texas Royalty Syndicate, a trust estate of which he was the active trustee, and then fraudulently convert the money so collected to his own use.

The defendant filed a plea of immunity from prosecution under section 9 of the Federal Trade Commission Act (Comp. St. § 8836i). Evidence was taken upon this plea, from which it appears that in July,

1922, the Federal Trade Commission mailed to defendant a questionnaire calling for information relative to the Texas Royalty Syndicate, including a trial balance and financial statement; that this questionnaire was accompanied by a letter, which called attention to the penalties provided by section 10 of the Federal Trade Commission Act (Comp. St. § 8836j) for failure to answer any lawful inquiry; that on December 20, 1922, defendant answered the questionnaire, and attached what purported to be a trial balance and a financial statement; that on December 28, 1922, the Federal Trade Commission filed a complaint against him concerning a number of stock companies, corporations, and syndicates that he had promoted, but the Texas Royalty Syndicate was not included among them; and that in February, 1923, defendant appeared before an examiner of the Commission and testified in response to questions propounded by the Commission's attorney concerning the companies he had promoted, including the Texas Royalty Syndicate. No subpœna was issued requiring defendant to testify. Upon this evidence the trial court overruled the plea of immunity; and its order to that effect is made the basis of an assignment of error.

During the trial which followed upon the main issue of defendant's guilt or innocence, the trial court received in evidence, over defendant's objection, copies of the trial balance and financial statement which were attached to the plea of immunity. Error is also assigned on this ruling.

[1] The plea of immunity was not sustained by the evidence. Defendant did not testify or produce evidence in obedience to a subpœna issued by the Federal Trade Commission, and therefore was not protected by section 9 of the Federal Trade Commission Act. Sherwin v. United States (C. C. A.) 297 F. 704; Id., 268 U. S. 369, 45 S. Ct. 517, 69 L. Ed. 1001.

[2] The trial balance and financial statement were made up and furnished by defendant in compliance with and because of the Federal Trade Commission's written demand, which pointedly called attention to the punishment, prescribed by section 10 of the Federal Trade Commission Act, that defendant might be made to suffer in the event of his failure or refusal to furnish the information requested. The documents furnished under these circumstances were in the nature of confessions, and were relied on by the government to prove defendant's guilt. The question whether these documentary confessions were voluntary is not influenced by the immunity provision of the statute, but is to be determined by the ordinary rule of evidence applicable to confessions in criminal cases. The threat was made by an official body that had the power and authority to institute a prosecution.

[3] No confession induced by official threat of prosecution is voluntary. There is no room for doubt that defendant's compliance with the Commission's demands was induced by the threat and fear of prosecution. The confessions contained in the trial balance and financial statement were therefore involuntary. It is immaterial that the original documents, on file in the Commission's office, were not received in evidence, but that instead copies attached to defendant's plea of immunity were offered by the government. The confessions were not made voluntary by reason of the fact that defendant made use of them in seeking to avoid prosecution. The information contained in the copies, as well as in the originals, was the same, and was obtained as a result of defendant's fear of the consequences of a refusal to comply with the Commission's demands made on behalf of the government. Our conclusion is that it was reversible error to admit the documentary evidence in question.

There are many other assignments of error, but we deem it sufficient to say that in our opinion they are without merit.

The judgment is reversed, and the cause remanded for a new trial.