**BLAINE et al. v. UNITED STATES (two cases). ROBINSON v. SAME. IRVINE v. SAME.**

Circuit Court of Appeals, Fifth Circuit. December 18, 1928.

Rehearing Denied. January 12, 1929.

Nos. 5378, 5379, 5404, 5412.

Robert P. Coon, of San Antonio, Tex., for appellants Blaine and others.

W. B. Harrell, of Dallas, Tex., for appellant Robinson.

Jed. C. Adams and W. B. Harrell, both of Dallas, Tex., for appellant Irvine.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., and Sarah Cory Menezes, Asst. U. S. Atty., of Dallas, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Blaine and Culwell were convicted as charged in two indict-

ments for conspiracy to violate the National Prohibition Act. 27 USCA. Robinson was named as co-conspirator in one indictment, and Irvine in the other, and they also were convicted as charged. A separate trial was had upon each indictment, but it will simplify matters to dispose of these several appeals in a single opinion.

In the indictment against Robinson, Blaine, and Culwell, Robinson was described as a physician, and the holder of a permit, granted by the prohibition administrator, to issue prescriptions for intoxicating liquor to be used for medicinal purposes; Blaine was described as the proprietor of a pharmacy, and the holder of a permit to sell and dispense intoxicating liquor pursuant to prescriptions lawfully issued by physicians. Culwell was described as a licensed pharmacist, designated in Blaine's permit as the pharmacist who had authority to make sales of medicinal liquor pursuant to valid physician's certificates. It was then alleged that these three defendants did unlawfully conspire and agree to violate the National Prohibition Act, in that it was agreed between them that Robinson would, by making unlawful use of his permit, issue prescriptions ostensibly for the use of persons whose names were written on official blanks, but in truth and in fact for the use of persons unknown to him, whose names would be furnished by Blaine and Culwell; that Blaine would buy the prescriptions from Robinson in advance of any sale and have them in his pharmacy; that Blaine and Culwell would unlawfully sell intoxicating liquor for beverage purposes to divers persons not named in the physician's permits, and without requiring from the actual purchasers any physician's prescription, would place on the bottles of intoxicating liquor so sold labels bearing the names of the persons designated therein; and that Culwell would keep the illegal prescriptions issued by Robinson, so as to make it appear from his records that the unlawful sales of liquor for beverage purposes were lawful sales of liquor for medicinal purposes.

The overt acts alleged consisted of the issuing and canceling of the physician's prescriptions. In the other indictment Irvine was described as the physician, and it was alleged that he conspired to do the things that it was alleged Robinson conspired to do in the indictment above described. The two indictments are in the same form, and differ only in the names of the physician, and in the dates laid for the formation of the conspiracy and commission of overt acts. The indictments were attacked as being fatally defective by all parties defendant, in that: (1) The crime of conspiracy is not shown where concerted action or plurality of agents is necessary to constitute the substantive offense alleged to be the object of the conspiracy; (2) the conspiracy alleged is so general and indefinite as that it fails to accord notice to defendants of the nature and cause of accusation against them; (3) the permits alleged to be held by the physician and the pharmacist were invalid, because a prohibition administrator is without authority of law to issue such permits; (4) it is not alleged that the intoxicating liquors defendants agreed to sell were to be fit for beverage purposes, or were to contain more than one-half of 1 per centum of alcohol by volume; (5) the overt acts alleged do not consist of any of the things which it is alleged the parties to the conspiracy agreed to do.

Robinson separately assigns error on the refusal of the court to sustain his plea of immunity, which was to the effect that before trial, and in response to an oral request, he appeared and made a statement in the nature of a confession at a hearing held by the prohibition administrator for the purpose of considering the revocation of Blaine's permit. However, it affirmatively appeared that he did not appear or give evidence at that hearing in obedience to a subpoena.

Blaine and Culwell separately assign error on the refusal of the court to direct a verdict in their favor, and on the form of that part of the judgment which reads: "It is therefore the opinion of the court that the said defendant was guilty of the offense of violating the National Prohibition Act by a conspiracy to violate same act, as charged in the indictment," etc.

The indictments are unduly prolix in form, and are examples of the fault of pleading evidence; but, construing the instruments as a whole, they sufficiently allege ultimate facts which disclose a conspiracy to make unlawful use of permits issued by the government to physicians and pharmacists, and unlawfully to sell intoxicating liquors for beverage purposes. The doctrine that conspiracy cannot well be charged where concerted action or plurality of agents is necessary to constitute the substantive offense has no application here. All the defendants were in the attitude of vendors, and each was to play his part in the bringing about of unlawful sales of medicinal liquor for beverage purposes. In Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214, it was held that a

physician, who facilitated the unlawful sale of morphine by issuing prescriptions, was himself guilty, as a principal, of the offense of making unlawful sales, although the prescriptions, there as here, were filled by a druggist who made the actual sales. The cited case appears to us to be conclusive authority in support of the view that the legal effect of charging the physicians, Robinson and Irvine, with conspiring to issue certificates on government permits to facilitate the unlawful sale of intoxicating liquor by their co-conspirators, was to charge them as principals in a conspiracy to make such sales. We have so often held that an indictment for conspiracy may be as general and indefinite as the conspiracy sought to be proved that it is hardly necessary to repeat the statement. In our opinion these indictments were sufficient to put defendants on notice of the offense charged against them and to prevent subsequent prosecution for that offense.

■■ The National Prohibition Act confers upon the Commissioner of Internal Revenue authority to issue permits for the use of liquor for medicinal purposes, and provides that any act authorized to be done by him may be performed by an assistant or agent designated by him for that purpose. Title 2, §§ 1 and 6 (27 USCA §§ 5, 16). And the Commissioner has by regulation vested in prohibition administrators authority to issue permits for the sale by physicians and druggists of intoxicating liquor for medicinal purposes. It follows that such permits issued by the prohibition administrator are valid. The indictments alleged that defendants conspired to sell intoxicating liquor for beverage purposes. This was sufficient. The indictment was better for omitting to allege that the liquor was "fit" for beverage purposes, because that would describe equally well beverage and nonbeverage liquor. Middlebrooks v. United States (C. C. A.) 23 F. (2d) 244.

■ The definition of intoxicating liquor by section 1 of the act (27 USCA § 4) dispenses with the necessity of pleading the percentage of alcohol. The averment that the liquor was intoxicating meant that it contained as much as one-half of 1 per cent. of alcohol. In an indictment under section 37 of the Criminal Code (18 USCA § 88) for a conspiracy to commit an offense against the United States, it is necessary to allege that one or more of the parties to the conspiracy committed an act to effect the object thereof. An overt act is not required to be an offense, but it may be an innocent act. United States v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211. The overt acts charged were such as naturally and logically would be effective to accomplish the objects of the conspiracy.

■ Robinson claims immunity under section 30 of the National Prohibition Act (27 USCA § 47) on the ground that he appeared and gave evidence at a revocation hearing conducted by the prohibition administrator; but that section grants immunity from prosecution to a person who gives evidence "in obedience to a subpoena of any court," etc., and it is too clear for argument that Robinson has not brought himself within the terms laid down by the statute, for the reason that he did not testify in obedience to the subpoena of any court. Sherwin v. United States (C. C. A.) 297 F. 704; Id., on appeal, 268 U. S. 369, 45 S. Ct. 517, 69 L. Ed. 1001.

■ The assignment of Blaine and Culwell, which complains of the refusal of the court to direct a jury to find them not guilty, has not been argued, and therefore will be treated as abandoned. The objection of these two defendants to the form of judgment is wholly devoid of merit. It is plain enough that the court passed sentence upon a verdict which found them guilty of conspiracy.

Reversible error is not shown by any of the assignments of the various defendants.

The judgments are, and each of them is, affirmed.