### GILMORE et al. v. UNITED STATES.
### No. 5611.

Circuit Court of Appeals, Fifth Circuit.
April 16, 1930.

H. C. Upton and Charles O. Harris, both of San Angelo, Tex., and Will A. Morriss, of San Antonio, Tex. (Morriss & Morriss, of San Antonio, Tex., on the brief), for appellants.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex., Elijah Crippen, Asst. U. S. Atty., of Dallas, Tex. (Morrow H. Boynton, Asst. U. S. Atty., of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

Appellants Billie Gilmore, Virginia Rawlins, Mrs. Bill Bullock, and Fay Gordon were convicted upon an indictment which charged a conspiracy to manufacture, transport, possess, and sell intoxicating liquor for beverage purposes, in violation of the National Prohibition Act (27 USCA). Other defendants who have not appealed were also convicted, among them being Carroll Bates and J. A. Shield. William H. Hutcheson was named as a conspirator, but he was not indicted, and became chief witness for the prosecution.

The government's evidence was to the following effect: Each of the appellants over a considerable period of time sold, at rooms or at roadhouses which they kept in San Angelo, Tex., intoxicating liquors for beverage purposes, which were delivered to them by Hutcheson. They were members of a "line" of customers to whom Hutcheson sold liquor at exorbitant prices. The profits of these sales were divided between Bates, who was chief of police, Shields, and others. The members of the line received protection from Bates in the sale of liquor, and from others of the defendants who moved it from the places where it was sold in advance of a raid and brought it back after danger of seizure was over.

It is contended on behalf of appellants that the government's evidence was insufficient to show that they were members of the conspiracy, and that its only tendency was to prove that they were purchasers from those who were engaged in the conspiracy. It is true that appellants purchased the liquor in the first instance, but under the evidence the conspiracy did not end with the sales to them, but continued until they resold to others. The protection afforded by Bates and Shields was for the purpose of enabling appellants also to sell. The result is that appellants, by entering into the conspiracy, had in view the object of making sales themselves. They are therefore in the attitude of being unlawful possessors and sellers. Blaine v. United States (C. C. A.) 29 F.(2d) 651.

The trial court in its charge to the jury did not comment upon the law of circumstantial evidence. At the conclusion of that charge, for the first time the court was orally requested by counsel, but refused, "to charge the jury the law of circumstantial evidence." Error is assigned upon the refusal of that request; but we do not think it is well assigned. In the first place, the request came too late. It is the duty of counsel in fairness to the court to submit requests for instructions to the jury before the court begins its charge; but the court should not arbitrarily refuse, especially in criminal cases, to give instructions requested at the conclusion of its charge which it was its plain duty in the interests of justice to give without being requested to do so.

Besides, the orderly way is to prefer such a request in writing so that the trial court may know definitely what it is, and the appellate court may be able to inspect it with the view of ascertaining whether in its opinion the proposition of law asserted is correct and is applicable to the facts of the case.

The refusal of a mere oral request to charge generally upon some question of law presents nothing to an appellate court for review. Holmgren v. United States, 217 U. S. 509, 524, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Greenburg v. United States (C. C. A.) 297 F. 45; 14 R. C. L. 804.

Reversible error is not made to appear by any of the assignments. The judgment is affirmed.