### JAMAIL et al. v. UNITED STATES.

### No. 6186.

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1932.

Rehearing Denied Feb. 18, 1932.

See, also, 37 F.(2d) 576.

Louis J. Dibrell, of Galveston, Tex., for appellants.

H. M. Holden, U. S. Atty., and Douglas W. McGregor, Asst. U. S. Atty., both of Houston, Tex.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The appellants, Jamail and Fletcher, were convicted upon an indictment which charged them in separate counts with unlawfully possessing, selling, and transporting intoxicating liquor for beverage purposes, in violation of the National Prohibition Act (title 2, § 3 [27 USCA § 12]). They were acquitted on another count which charged them with conspiracy to commit those substantive offenses. Jamail assigns error on the court's refusal to direct a verdict in his favor on the ground of insufficiency of the evidence against him, and on rulings which admitted, over his objection, documentary evidence which disclosed that a telephone and a number of electric lights were installed in a room which he used in connection with and to carry on an illegal traffic in intoxicating liquor. He also joins with Fletcher in assigning error on rulings of the trial court relating to the conspiracy count, to objections made to the argument of government counsel to the jury during the trial, and to the refusal to instruct the jury on the law of circumstantial evidence.

The government relied for conviction upon evidence to the following effect: The room in which the telephone and lights were installed was being maintained as a barroom. On the date alleged in the indictment a prohibition agent went into this room where he offered to buy from Fletcher four quarts of whisky and two cases of beer. Fletcher went out on the sidewalk where Jamail was, talked with him, and then came back and made the

sale, telling the agent to drive around the corner where delivery was made. Jamail admitted to the agent that the place of business which he had just been in was his. During the argument, counsel for the government stated in substance that the evidence for the prosecution stood unimpeached, and that defendant had not introduced any witnesses to contradict it.

The jury were authorized to infer that the liquor came from Jamail's premises, was taken around the corner, and delivered by Fletcher with Jamail's consent. It, of course, makes no difference which one of them physically delivered the liquor. It is enough that they were acting in concert. Any error in admitting evidence as to the installation of the telephone and the electric lights became harmless, in view of the undisputed testimony that Jamail admitted possession and proprietorship of the room in which they were installed. As both appellants were acquitted on the conspiracy count, it becomes immaterial to inquire whether any ruling of the trial court in regard to that count was erroneous. Counsel for the government in his argument did not violate the statutory rule against commenting upon failure of a defendant to testify in his own behalf. That rule does not go to the extent of forbidding argument by counsel for the prosecution to the effect that the evidence against a defendant is uncontradicted. Lefkowitz v. United States (C. C. A.) 273 F. 664; Schwartz v. United States (C. C. A.) 294 F. 528. The oral request to charge the law of circumstantial evidence was general, and was limited to the conspiracy count on which appellants were acquitted. Besides, we have held that a trial court cannot be put in error in this way, even as to a count on which there has been a conviction. Gilmore v. United States (C. C. A.) 39 F.(2d) 897.

The judgment is affirmed.