### EVANS v. UNITED STATES.
### No. 8400.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1937.

Rehearing Denied July 30, 1937.

852

Chas. D. Russell, of Savannah, Ga., and John S. Adams, of Dublin, Ga., for appellant.

Dunbar Harrison, Asst. U. S. Atty., of Savannah, Ga., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant was convicted on four counts of an indictment. Count 1 charged a conspiracy between appellant and four named persons to violate the liquor laws of the United States. The other counts charged substantive offenses of the same character. There are twenty assignments of error. The first three assignments, running to the denial of motions for a continuance of the trial and the overruling of a plea in abatement, have been abandoned. The fourth assignment is to the overruling of a demurrer and a motion to quash the indictment. All the other assignments depend upon the bill of exceptions for their consideration.

The United States has moved to strike the bill of exceptions. It appears that sentence was imposed on January 21, 1937, and appeal was taken the same day. On February 18, 1937, counsel for appellant forwarded a petition to the trial judge asking for an extension of sixty days in which to prepare and present the bill of exceptions. Through an unfortunate combination of circumstances, this petition was not brought to the attention of the judge until March 2, 1937. Expressing doubt as to his authority to act, the District Judge signed an order, nunc pro tunc as of February 19, 1937, extending the time for settlement of the bill of exceptions as requested and signed the bill of exceptions on March 12, 1937.

Under the provisions of the Criminal Appeals Rules, the District Judge had jurisdiction for thirty days, excluding Sundays and legal holidays, after the judgment of conviction was entered to settle and sign the bill of exceptions or to extend the time for doing so. Rules 9 and 13 (28 U.S.C.A. following section 723a). After that time had elapsed without an extension having been timely granted by him or by this court, under the provisions of rule 4 (28 U.S.C.A. following section 723a), he was without power to settle and sign the bill of exceptions. Ray v. U. S., 57 S.Ct. 700, 81 L.Ed. ——, decided April 26, 1937. It follows that the motion to strike the bill of exceptions must be granted.

This leaves for consideration only the errors arising on the record without reference to the bill of exceptions.

Omitting surplusage and formal parts, the first count of the indictment charges that on January 1, 1936, appellant and four other named persons did conspire and agree together in the county of Emanuel, within the Southern District of Georgia, to unlawfully possess distilled spirits, the exact quantity to the grand jurors unknown, in divers containers, which said containers would not then and there have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing the payment of all internal revenue taxes of the United States, which were then and there imposed on said distilled spirits; to unlawfully transport distilled spirits not in stamped containers; to unlawfully sell distilled spirits in unstamped containers; to unlawfully remove large quantities of distilled spirits, on which the

tax imposed by law had not been paid, from distilleries to the grand jurors unknown to places other than the distillery warehouses provided by law; to unlawfully conceal distilled spirits, the exact quantity to the grand jurors unknown, on which the tax had not been paid; and to make and ferment mash, wort, and wash fit for distillation for the production of distilled spirits and alcohol, on premises other than a distillery duly authorized by law. Three overt acts alleged as having been committed for the purpose of affecting the object of the conspiracy are consistent with the charge and if proven would be sufficient to complete the offense. Counts 2, 3, and 4 allege venue in Emanuel county and respectively charge the unlawful possession of 140 gallons of whisky in four 50-gallon containers, the removal of 140 gallons of distilled spirits from a distillery to the grand jurors unknown to a place other than a distillery warehouse provided by law and the concealing of 140 gallons of whiskey, with the qualification in all the counts that the containers of the said whisky did not then and there have affixed thereto stamps denoting the quantity of distilled spirits contained therein and evidencing the payment of all internal revenue taxes of the United States, which were then and there imposed on such distilled spirits, in violation of title 2 of the Liquor Taxing Act of 1934, 48 Stat. 313, 26 U.S.C.A. § 1152a et seq. Emanuel county is in the Dublin division of the court, where the case was tried.

The objections to the indictment are purely technical and without substance. Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; Blaine v. U. S. (C.C.A.) 29 F.(2d) 651; Davis v. U. S. (C.C.A.) 86 F.(2d) 45. The indictment was sufficient basis for the conviction. The record presents no reversible error.

Affirmed.