**UNITED STATES v. SHAW et al.**

**No. 14200–Y.**

District Court, S. D. California, Central Division.

June 14, 1940.

Ben Harrison, U.S. Atty., and William F. Hall, Asst. U.S. Atty., both of Los Angeles, Cal., for plaintiff.

Harold C. Faulkner, of San Franscisco, Cal., for defendant.

YANKWICH, District Judge.

On July 17, 1936, and prior and subsequent to that date, at Los Angeles, California, the United States Securities and Exchange Commission, through certain of its officers, was conducting, under the authority of the Securities Act of 1933, 15 U.S. C.A. § 77a et. seq., an investigation into certain transactions involving, among others, the stock of the Consolidated Mines of California, a California corporation, operating in Calaveras County. In conjunction with the investigation, the Commission issued subpoenas directed to the corporation and its President and Secretary to appear, at the investigation, to be held on November 22, 1937, and there produce certain records of the company.

The corporation declined to respond to the subpoena. The Commission then applied to me, and I issued an order directing obedience to the subpoena and requiring the production of the documentary evidence called for in it.

On appeal to the Circuit Court of Appeals for the Ninth Circuit, this order was affirmed. Consolidated Mines of California v. Securities & Exchange Com., 1938, 9 Cir., 97 F.2d 704.

Prior to July 17, 1936, William Jackson Shaw, the defendant, was requested to attend the hearing before the Commission by Milton V. Freeman, the Examiner conducting the investigation for the Commission. Shaw attended the hearing, was sworn by the Examiner, and testified on July 17, 1936, July 20, 1936, and September 2, 1936, as a witness concerning the affairs and conduct of the Consolidated Mines of California, a corporation.

The matters to which he testified related to the subject on which an indictment was returned in this court on December 12, 1939, against Shaw and Frank S. Tyler. The indictment consists of seventeen counts. The first thirteen counts charge violation of the Mail Fraud statute, 18 U.S.C.A. § 338. Counts fourteen to sixteen charge violation of the Securities Act of 1933—the sale of securities for which no registration statement was in effect and no exemption for registration available. 15 U.S.C.A. § 77e(a) (2). The seventeenth count charges conspiracy. 18 U.S.C.A. § 88.

The defendant Shaw has filed a plea in abatement. In support of it, he claims that, as he was compelled to testify against his will to matters out of which the indictment later arose, he is immune from prosecution under the provisions of Section 22(c) of the Securities Act of 1933 as amended, 15 U.S. C.A. § 77v(c). The Government has demurred to the plea in abatement and moved to strike it.

The enactment on which the plea of immunity is grounded reads: "(c) No person shall be excused from attending and testifying or from producing books, papers, contracts, agreements, and other documents before the Commission, or in obedience to the subpena of the Commission or any member thereof or any officer designated by it, or in any cause or proceeding instituted by the Commission, on the ground that the testimony or evidence, documentary or otherwise, required of him, may tend to incriminate him or subject him to a penalty or forfeiture; but no individual shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing *concerning which he is compelled, after having claimed his privilege against self-incrimination,* to testify or produce evidence, documentary or otherwise, except that such individual so testifying shall not be exempt from prosecution and punishment for perjury committed in so testifying." (Italics added.)

No subpoena compelling Shaw's attendance was issued. His own affidavits merely state that he was requested to and did appear in response to the Examiner's request.

The affidavit of the Examiner discloses the fact that Shaw was represented by counsel at the time of his appearance, that a stenographic report of his testimony was taken, and that before testifying, he was informed concerning his constitutional privilege against self-incrimination in the following words: "At this time I must advise you that you may refuse to answer any question that I may ask you if the answer may tend to incriminate you or subject you to any penalty or forfeiture." He took the stand and gave testimony. These facts are not denied. If they were, an issue of fact might be created as to which the defendant would be entitled to a jury trial. Jones v. United States, 9 Cir., 1910, 179 F. 584.

There is no need for this.

For we can decide the matter on the admitted facts contained in Shaw's sworn plea. Nowhere is it averred that Shaw raised the plea of self-incrimination or claimed immunity by reason of it.

We need not dwell, at length, upon the rule against self-incrimination contained in the Fifth Amendment to the Constitution of the United States. It is one of the great fundamentals of our constitutional liberty. Its enactment is traceable to the experiences of ages past when convictions were secured upon confessions extracted by barbarous methods. This privilege, like all others, is a shield made for the protection of the individual against the arbitrary acts of those charged with the enforcement of the law. [See my article "Lawless Enforcement of the Law", 1935, 9 So. Calif. Law Review, 1-20]

It being made for the protection of the individual, he is privileged to waive it. The waiver may be by direct action or by failing to act.

Despite certain general statements in older cases to the contrary, the accepted view now sanctioned by the Supreme Court is that a waiver takes place when a defendant, who is not under compulsion, stands silent and does not claim the privilege. Powers v. United States, 1912, 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448; United States ex rel. Vajtauer v. Commissioner of Immigration, 1927, 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560; United States v. Murdock, 1931, 284 U.S. 141, 148, 52 S.Ct. 63, 76 L.Ed. 210, 82 A.L.R. 1376, and see: United States v. Skinner, D.C. N.Y., 1914, 218 F. 870; Johnson v. United States, 4 Cir., 1925, 5 F.2d 471, 476, 477; United States v. Lay Fish Co., D.C. N.Y., 1926, 13 F.2d 136; United States v. Greater New York Live Poultry Chamber of Commerce, D.C. N.Y., 1929, 33 F.2d 1005.

Enactments like Section 22(c) of the Securities Act of 1933, 15 U.S.C.A. 77v (c), by granting immunity, do away with the harm resulting from self incrimination under compulsion. Brown v. Walker, 1896, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819.

When there is no compulsion, and there is voluntary appearance, all grounds for the application of the guaranty are gone. Sherwin v. United States, 1925, 268 U.S. 369, 45 S.Ct. 517, 69 L.Ed. 1001. "The privilege of silence," said the Court in United States v. Murdock, 284 U.S. 141, 149, 52 S.Ct. 63, 64, 76 L.Ed. 210, 82 A.L.R. 1376, "is solely for the benefit of the witness and is deemed waived unless invoked." The individual character of the privilege and the scope of its protection speak for the wisdom of such an attitude.

As Mr. Justice Holmes said in Heike v. United States, 1913, 227 U.S. 131, 142, 33 S.Ct. 226, 228, 57 L.Ed. 450, Ann.Cas.1914C, 128, statutes of this character are "coterminus with what otherwise would have been the privilege of the person concerned." This attitude consistent with rulings arising under other constitutional guaranties.

Thus, proceeding to enter a plea, with knowledge of the nature of the charge and without a specific demand for counsel, is considered a waiver of the right to counsel. Cooke, v. Swope, D.C. Wash., 1939, 28 F. Supp. 492; Cooke v. Swope, 9 Cir., 1940, 109 F.2d 955; Buckner v. Hudspeth, 1939, 10 Cir., 105 F.2d 396; McCoy v. Hudspeth, 1939, 10 Cir., 106 F.2d 810.

The right to a jury trial may be waived by conduct or inaction, in civil cases. [Bank of Columbia v. Okely, 1819, 4 Wheat. 235, 4 L.Ed. 559; Maytag v. Meadows Mfg. Co., 7 Cir., 1930, 45 F.2d 299; Prince Line v. American Paper Exports, 2 Cir., 1932, 55 F.2d 1053; Smith Engineering Co. v. Pray, 9 Cir., 1932, 61 F.2d 687], although an express waiver is needed in criminal cases. See: Patton v. United States, 1930, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A. L.R. 263; Irvin v. Zerbst, 5 Cir., 1938, 97 F.2d 257; Spann v. Zerbst, 5 Cir., 1938, 99 F.2d 336. And see: Jones v. United States, 9 Cir., 1910, 179 F. 584.

These rights are as fundamental in our scheme to give to the individual a domain of protection where the sovereign cannot enter as the right against self-incrimination. Rightly, all may be waived by him whom they seek to protect.

The demurrer to the plea of abatement is sustained and the motion to strike it is granted.