Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Petitioner

v.

Thomas BATTLES, Respondent.

Misc. A. No. M-2288.

United States District Court
E. D. Pennsylvania.

Aug. 8, 1961.

Joseph S. Lord, III, U. S. Atty., Philadelphia, Pa., Thomas F. McBride, Attorney, Department of Justice, Charles Donahue, Sol., Washington, D. C., James R. Beaird, Asst. Sol., Washington, D. C., Ernest N. Votaw, Regional Atty., Department of Labor, Chambersburg, Pa., of counsel, for petitioner.

Stanford Shmukler, Philadelphia, Pa., for respondent.

CLARY, District Judge.

Respondent, Thomas Battles, was served with a subpoena on June 8, 1961, at the instance of the Commissioner, Bureau of Labor-Management Reports, United States Department of Labor, ordering him to appear before Thomas F. McBride of the Department of Justice to testify "in the matter of an investigation by the Department of Justice involving a determination whether any person has violated or is about to violate any provision of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq., except Title I or amendments made by the Act to other statutes."

Respondent appeared on June 13, 1961, the return day of the subpoena, but refused to testify and raised through counsel objections to the subpoena and the right of the Department of Justice to proceed with the investigation. Subsequently, the Government petitioned this Court on behalf of the Secretary of Labor for an order to compel respondent to appear before the Secretary of Labor, or

such representative as he may designate, to give testimony in accordance with the subpoena.

The petition averred, inter alia, that the Secretary of Labor is empowered by virtue of § 601(a) of the Labor-Management Reporting and Disclosure Act of 1959 (hereinafter referred to as the "Act") to investigate, enter and inspect records and accounts to determine whether the Act has been or will be violated; that under § 601(b) of the Act the provisions of §§ 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C.A. §§ 49 and 50), relating to the attendance of witnesses, are made applicable to the jurisdiction of the Secretary of Labor or any officers designated by him; and, that the Secretary has the power to issue a subpoena requiring the attendance and testimony of witnesses relating to any matter under investigation. It was further averred that under § 607 of the Act the Secretary of Labor may utilize the facilities or employees of any department or agency of the United States to assist him in the performance of his functions under the Act.

Pursuant to the petition the Court ordered respondent to show cause why an order should not issue requiring him to appear and testify. A hearing was held on July 20th, 1961, at which time the parties stipulated on the record that the facts as outlined were not in dispute, and that the exhibits attached to the petition and to petitioner's brief could be considered by the Court in disposing of this matter with the same force and effect as if they had been formally received in evidence.

Respondent's principal objections involve §§ 601 and 607 of the Act. Section 601 (29 U.S.C.A. § 521) provides:

"(a) The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this chapter (except subchapter II of this chapter) to make an investigation and in connection therewith he may enter such places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this chapter and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation."

"(b) For the purpose of any investigation provided for in this chapter, the provisions of Sections 49 and 50 of Title 15 [1] (relating to the attendance of witnesses and the production of books, papers, and documents), are made applicable to the jurisdiction, powers, and duties of the Secretary or any officers designated by him."

Section 607 (29 U.S.C.A. § 527) provides:

"In order to avoid unnecessary expense and duplication of functions among Government agencies, the Secretary may make such arrangements or agreements for cooperation or mutual assistance in the performance of his functions under this chapter and the functions of any such agency as he may find to be practicable and consistent with law. The Secretary may utilize the facilities or services of any department, agency, or establishment of the United States or of any State or political subdivision of a State, including the services of any of its employees, with the lawful consent of such department, agency, or establishment; and each department, agency, or establishment of the United States is authorized and directed to cooperate with the Secretary and, to the extent permitted by law, to provide such information and facilities as he may request for his assist-

[1]. Sections 9 and 10 of the Federal Trade Commission Act.

ance in the performance of his functions under this chapter. The Attorney General or his representative shall receive from the Secretary for appropriate action such evidence developed in the performance of his functions under this chapter as may be found to warrant consideration for criminal prosecution under the provisions of this chapter or other Federal law."

On September 24, 1959, the Secretary of Labor issued General Order No. 102, Federal Register, Vol. 24, No. 195, p. 8081, which established the Bureau of Labor-Management Reports and created the office of Commissioner. The Commissioner was empowered, inter alia, to institute investigations with respect to violations of the Act and to issue orders to compel the attendance and testimony of witnesses.

Respondent's first contention is that this General Order is a nullity because the Act does not authorize the Secretary of Labor to delegate either his investigatory function or his power to subpoena witnesses. Section 601(a), contends respondent, authorizes the Secretary alone to perform these functions, and § 601(b) merely spells out the procedure he must follow. In order to vitiate the effect of the phrase, "the Secretary or any officers designated by him", he contends that § 601(a) and § 601(b) must be read independently and cannot be interrelated. Reading § 601(b) without reference to § 601(a), he concludes that § 601(b) creates no powers and that the legal effect of the phrase is meaningless.

This Court cannot subscribe to such an interpretation. Section 601(a) clearly authorizes the Secretary to initiate investigations when he deems it necessary. Section 601(b), which directly supplements § 601(a) and which must be read together with § 601(a), provides the manner in which such investigations are to be carried out. The plain meaning of § 601(b) is that the Secretary may designate officers to conduct investigations that he himself is authorized to conduct, and further, it arms these officers by

the application of Sections 9 and 10 of the Federal Trade Commission Act with the power to issue subpoenas.

█ If this Court were to accept respondent's strained interpretation, these provisions would actually be nullities. This was certainly not the intent of the Congress. Because the language employed is unequivocal, respondent's suggestion that this was a legislative oversight cannot be accepted. In § 601 of the Act Congress explicitly gave the Secretary of Labor the authority to delegate to subordinate officers both the power to conduct investigations and the power to issue subpoenas.

Cudahy Packing Co. of Louisiana v. Holland, 1942, 315 U.S. 357, 788, 62 S.Ct. 651, 86 L.Ed. 895, relied upon by respondent to support his position, does not alter this opinion. Cudahy is distinguishable from the instant case on several grounds. The question involved in that case was whether the Administrator of the Wage and Hour Division of the Department of Labor had the authority to delegate his statutory power to sign and issue a subpoena duces tecum to a Regional Director. In a 5–4 decision the Supreme Court held that no such authority was granted in the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The legislative history of the Fair Labor Standards Act showed that a provision granting authority to delegate the subpoena power had been eliminated when the bill was in Conference. However, the legislative history of the Act presently under consideration, with certain exceptions not relevant here, shows that the provisions of § 601 remained unaltered in the House, Senate, and Conference Reports.

Section 11 of the Fair Labor Standards Act made expressly delegable the power to conduct investigations. The Supreme Court reasoned from this that the specific grant of authority to delegate investigatory powers, with no mention of authority to delegate the subpoena power, showed a legislative intent on the part of Congress to withhold the latter. Here, however, Section 601 clearly gives the

Secretary the authority not only to delegate the investigatory function but also the power to issue subpoenas.

Finally, for the purposes of any hearing or investigation, § 9 of the Fair Labor Standards Act made applicable the subpoena provisions of the Federal Trade Commission Act to the powers and duties of the Administrator, the Chief of the Children's Bureau, and the industry committees. In the Act now being considered, § 601(b) makes the subpoena provisions of the Federal Trade Commission Act applicable to the powers and duties of the Secretary or any officers designated by him. Certainly, Section 601(b) is much broader in that it does not limit the application of the Federal Trade Commission Act as did the Act involved in the Cudahy case.

Respondent's next contention is that even if the Secretary of Labor may delegate his investigatory function to officers, he is necessarily limited to officers within the Department of Labor, and under no circumstances can he or his designated representative delegate this function to the Department of Justice. Such an investigation, respondent contends, should be made by the Department of Labor as it is that department's sole responsibility to conduct inquiries. Section 607 of the Act is interpreted by the respondent as merely authorizing the Secretary to utilize the facilities of other agencies to assist him in the performance of his investigation.

This Court holds that Section 607, read in conjunction with Section 601, goes further. A careful reading of the section indicates that it was the intent of Congress that the Secretary of Labor use, within legal boundaries, the facilities and employees of other governmental agencies to the fullest extent. Although the legislative history of the Act is silent on this point, the language used clearly encompasses the procedure presently being followed by the Department of Labor and the Department of Justice. If the Secretary of Labor is empowered to employ all the facilities and employees of the Department of Justice and other governmental agencies, one may reasonably conclude that Congress has given him authority to delegate to the governmental agency involved, when practicable, the power to conduct an entire investigation, particularly the Department of Justice which has investigative expertise of the highest quality. It should be added that research has been unable to discover any prior statute which includes such broad cooperative provisions as are provided for in this Act.

Further, it is noteworthy that, unlike this Act, the Fair Labor Standards Act specifically restricts inter-agency delegation relating to investigations and inspections, with certain exceptions, to bureaus and divisions of the *Department of Labor*. Section 11 of the Fair Labor Standards Act provides in pertinent part:

> " * * * the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section."

Congress could have made a similar provision in the present Act had it so desired.

 The Department of Labor and the Department of Justice, pursuant to § 607 of the Act, entered into an agreement of mutual assistance termed "Memorandum of Understanding", dated February 16, 1960, which was published in the Federal Register on February 26, 1960, Vol. 25 Federal Register No. 39, page 1708. This memorandum provided, inter alia, that "subject to specific arrangements agreed upon by the Department of Justice and the Department of Labor *on a case by case basis*" criminal matters arising under certain provisions of the Act would be investigated by the latter through its own staff, and other criminal matters arising under the Act would be investigated by the former under delegation from the Secretary of Labor. Though this interpretation by the Department of Labor, published shortly after the Act became effective, has not been in existence a long period of time,

it nevertheless is worthy of being given some weight in determining the meaning of Section 607. Dayton Bronze Bearing Co. v. Gilligan, 6 Cir., 1922, 281 F. 709. For these reasons this Court is of the opinion that § 607 of the Act gives the Secretary of Labor and, under § 601, officers designated by him, the power to delegate to the Department of Justice or other governmental agency the investigatory function.

Next, respondent argues that the "Memorandum of Understanding" between the two departments in any event does not delegate the right to investigate matters relating to requirement of reporting under Title II of the Act but rather retained them in the Department of Labor.

This argument would be plausible but for the fact that, as was pointed out previously, the division of labor provided for was made subject to arrangements agreed upon *on a case by case basis.* Such an arrangement was provided for on June 1, 1961 (Exhibit 3 of Petitioner's Memorandum), when the Commissioner, Bureaus of Labor-Management Reports in a letter to the Department of Justice delegated to that department the authority "to conduct an investigation into any violations of the Labor-Management Reporting and Disclosure Act of 1959 in connection with the investigation of the Teamsters League of Philadelphia and related matters."

■ Respondent also raises the contention that, since he is not personally charged with any responsibility under the Act, he cannot be subjected to a subpoena. He reads § 601(a) as merely permitting the Secretary to question those people who he believes may have violated or are about to violate the Act. The Court cannot agree. Section 601(a) empowers the Secretary to question any person he may deem necessary to enable him to determine the facts relative to the violation. The language of the statute shows that Congress also intended to give the Secretary of Labor the authority to question persons other than those directly charged with duties and responsibilities under the Act. Because of the plain meaning of § 601, the cited cases of General Tobacco & Grocery Co. v. Fleming, 6 Cir., 1942, 125 F.2d 596, 140 A.L.R. 783 and United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185 are not considered controlling. In the former case, the Administrator of the Wage and Hour Division of the Department of Labor was required by the Court to show that the company was engaged in interstate commerce or in the production of goods for interstate commerce before he could conduct an investigation of the company. The Court so held because the Administrator was only given authority over "any industry subject to this Act" by § 11(a) of the Fair Labor Standards Act.

The Minker case is not considered as controlling because the decision there was limited to the Immigration and Nationality Act of 1952. The Supreme Court held that an immigration officer is not empowered to subpoena a naturalized citizen who is the subject of an investigation by the Service, where the purpose of the investigation is to determine if good cause exists for the institution of denaturalization proceedings.

■ Respondent further contends that his constitutional right could be impaired if he were to comply with the subpoena. It is argued that although § 9 of the Federal Trade Commission Act, incorporated by § 601(b) of the present Act, provides immunity from prosecution, forfeiture or penalty for witnesses in return for their compulsory testimony, if the subpoena should later be determined a nullity, then the witness is not entitled to immunity. The cases cited by respondent to support this proposition (Sherwin v. United States, 1925, 268 U.S. 369, 45 S.Ct. 517, 69 L.Ed. 1001, and Goodman v. United States, 8 Cir., 1960, 273 F.2d 853), are not on point. No subpoena was ever issued in those cases.

■ Another contention is that respondent's constitutional rights will be impaired because he would be subject to

state prosecution even though given immunity under the Act. Such an argument is without merit. United States v. Murdock, 1931, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210.

 Finally, respondent asserts that it would be contrary to all principles of Anglo-American jurisprudence to allow the official charged with the enforcement of labor laws to delegate his investigatory function to the agency whose duty it is to prosecute any violation thereof. Research on the part of the Court has been unsuccessful in finding any authority for this statement. Sweezy v. State of New Hampshire, 1957, 354 U.S. 234, 77 S.Ct. 1203, 1205, 1 L.Ed.2d 1311, the only case cited by respondent to support this statement, is not on point. Involved in the Sweezy case was a joint resolution of the state legislature, adopted pursuant to a subversive activities statute it had recently enacted, appointing the State Attorney General a "one-man legislative committee." During his legislative investigation the Attorney General propounded certain questions to the petitioner which he refused to answer. Thereafter, he refused to answer the same questions propounded to him by the County Court and was adjudged in contempt. The Supreme Court of New Hampshire upheld the ruling of the lower court. The Supreme Court of the United States reversed holding that petitioner's rights under the Due Process Clause of the Fourteenth Amendment were violated. The Supreme Court reasoned that it could not be known whether the questions petitioner refused to answer fell into the category of matters upon which the legislature wanted to be informed. At page 254 of the opinion in 354 U.S., at page 1214 of 77 S.Ct. Chief Justice Warren, speaking for the Court, stated:

> "The lack of any indications that the legislature wanted the information the Attorney General attempted to elicit from petitioner must be treated as the absence of authority."

The question whether the Attorney General of the State of New Hampshire could both investigate and prosecute was not discussed in the Sweezy case.

In summary the Court finds that the Secretary of Labor is authorized by § 601 of the Act to delegate his investigatory and subpoena functions; that he in fact did so delegate them to the Commissioner; that § 607 of the Act, read in conjunction with § 601, authorized the Commissioner to delegate his functions to the Department of Justice; and, that the Commissioner did in fact authorize the Department of Justice to conduct this investigation.

Government counsel may submit an appropriate form of decree to enforce the subpoena.