**In re W. Willard WIRTZ, Secretary of Labor, United States Department of Labor**

v.

**LOCAL NO. 502, INTERNATIONAL HOD CARRIERS AND COMMON LABORERS UNION (AFL–CIO).**

Civ. No. 775–62.

United States District Court
D. New Jersey.

Nov. 14, 1962.

David M. Satz, Jr., U. S. Atty., F. Michael Caruso, Asst. U. S. Atty., Newark, N. J., for petitioner.

Donald M. Legow, Newark, N. J., Frank A. Palmieri, Orange, N. J., for respondent.

COOLAHAN, District Judge.

Petitioner applied to this Court under 29 U.S.C.A. § 401 et seq. for an order directing Local 502, the respondent herein, to appear before the petitioner or his representative, to give evidence and to produce and deliver the custody of certain documents, pursuant to an administrative subpoena duces tecum. The respondent presented the books and records to the petitioner but refused to surrender their custody for retention and examination by the petitioner's office. It was therefore necessary to bring this action to obtain enforcement of the aforementioned subpoena.

Section 29 U.S.C.A. § 521(b) provides that the provisions of the Federal Trade Commission Act, 15 U.S.C.A. §§ 49, 50

are made applicable to the investigation conducted by the Secretary of Labor under the Act. Section 29 U.S.C.A. § 521(a) provides in essence that the Secretary shall have the power, when he believes it necessary in order to determine whether any person has violated any provision of this Act, to make an investigation and to inspect such records as he may deem necessary thereto. This broad power is further supplemented by the aforementioned Federal Trade Commission Act which provides the Secretary with subpoena power pertaining to documentary evidence relating to any matter under investigation. Jurisdiction for enforcement of such a subpoena is vested in the District Court of the United States.

The documents sought are the books and records of the Local Union which are in the custody of its Secretary-Treasurer, Mr. Joseph DeFeo. The respondent maintains that it has complied with the subpoena inasmuch as the records were presented to the petitioner for inspection. They claim to have no objection to any examination of the books and records but wish to have a member of their Union present at all times during inspection. They further claim that the surrendering of the books and records involved puts them in the position of not being able to conduct their business activities and would therefore greatly hinder their functioning. The petitioner argues that the subpoena is issued under the express statutory power as it has been interpreted through recent judicial decisions. They further contend that the respondent's contentions, if allowed, would hinder the unfettered investigation by their department. They seek retention of the original documents for a reasonable length of time.

█ It cannot be disputed that the statute in question empowers the petitioner to issue the subpoena duces tecum and to invoke the aid of the District Court for its enforcement. The cases interpreting the power emanating from the above statute have gone still further and appear to have given petitioner the right it seeks to enforce here. In a situation similar to the one at Bar, the 6th Circuit has required the enforcement of such a subpoena. See Goldberg v. Truck Drivers Local Union No. 299, 293 F.2d 807 (6th Cir. 1961), cert. denied 368 U.S. 938, 82 S.Ct. 379, 7 L.Ed.2d 337 (1961). This view has been joined in by other Circuits as well. See International Brotherhood of Teamsters, etc. v. Goldberg, 112 U.S.App.D.C. 391, 303 F.2d 402 (1962), cert. denied 370 U.S. 938, 82 S.Ct. 1589, 8 L.Ed.2d 808 (1962). The Third Circuit has recognized the magnitude and authority of this statute also and appears to be in accord with the aforementioned cases. See F. T. C. v. Standard American, Inc., 195 F.Supp. 801 (E.D.Penn.1961), affd. 306 F.2d 231 (3 Cir. 1962). The last mentioned case set out the requirements to be met by a respondent challenging the enforcement of such a subpoena. The respondent in this case has failed to convince the Court of the merits of their contentions.

The Third Circuit has likewise passed upon the validity of the Act in question in the case of Goldberg v. Battles, 196 F.Supp. 749 (E.D.Penn.1961), affd. *per curiam*, 299 F.2d 937 (3rd Cir.1962) and has upheld its application in an enforcement hearing.

█ It seems clear that the petitioner has the right to obtain the desired documents and records in order to conduct the investigation in the manner the Secretary or his designated representatives wish. The case of Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956) dealing with a similar factual problem appropriately held that the right to investigate included the right to examine the originals for a given length of time so as to be able to make desired reproductions or conduct other tests.

In light of the Judicial interpretation of the statute as has been heretofore indicated, it is the opinion of this Court that the petition for enforcement of the subpoena must be granted. The Secretary or his designated representatives shall be given the right to inspect and retain the original documents requested under the subpoena.

■ The Battles case cited above, along with numerous others has expressly allowed the Secretary of Labor the power to delegate to the Department of Justice the investigatory function. The respondent's contention at the oral argument that such a practice would be objectionable is therefore found to be without merit.

Such retention shall be for a period thirty days from date of delivery, unless otherwise ordered by this Court.