RIDDLE *v.* DYCHE, WARDEN OF THE UNITED STATES PENITENTIARY AT ATLANTA, GEORGIA.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 663. Argued April 12, 1923.—Decided May 21, 1923.

1. The objection that a trial and conviction in the District Court were illegal because the jury was made of but eleven men is one that should be taken by a writ of error, based on proper exceptions. P. 334.

2. A person tried, convicted and sentenced upon a record showing that a lawful jury was empaneled, sworn and charged, cannot collaterally impeach the record by a proceeding in *habeas corpus* based on the proposition that there were only eleven jurors. P. 335. Cf. *Ex parte Riddle,* 255 U. S. 450.

3. Proceedings of a District Court within its jurisdiction cannot be impeached and reëxamined collaterally by a District Court of another district. P. 336.

Affirmed.

APPEAL from an order of the District Court discharging a writ of *habeas corpus* and remanding the appellant to custody.

*Mr. Henry E. Davis,* with whom *Mr. L. H. Ellis* was on the brief, for appellant.

*Mr. Rufus S. Day,* Special Assistant to the Attorney General, with whom *Mr. Solicitor General Beck* was on the brief, for appellee.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The appellant was convicted in the Federal District Court for the Northern District of Alabama of a felony and sentenced to imprisonment. The record of the District Court recites that " a jury of good and lawful men " was duly empaneled, sworn and charged. After sentence appellant moved to amend the record entry to show that only eleven men sat as jurors in the case and offered testimony in support of the motion. The court rejected the proof on the ground that oral testimony was not admissible to modify or amend the record and, first reciting that after hearing the evidence and arguments and being of opinion that the record of the judgment entry was as it should be and did not need amendment, denied the motion. Appellant then applied to this Court for a writ of mandamus to require the district judge to correct the record in the particulars just stated, setting forth in his petition the evidence offered and rejected. The writ was denied, *Ex parte Riddle,* 255 U. S. 450, this Court saying (p. 451):

" He [appellant] might have saved the point by an exception at the trial or by a bill of exceptions to the denial of his subsequent motion, setting forth whatever facts or offers of proof were material, and then have brought a

writ of error. *Nalle* v. *Oyster,* 230 U. S. 165, 177. In such cases mandamus does not lie. Ordinarily, at least, it is not to be used when another statutory method has been provided for reviewing the action below, or to reverse a decision of record. *Ex parte Morgan,* 114 U. S. 174; *Ex parte Park Square Automobile Station,* 244 U. S. 412, 414. In this case the facts were more or less clearly admitted at the argument but the record does not establish them and the extent of agreement or dispute with regard to them does not change the remedy to be sought." Appellant then took the case by writ of error to the Circuit Court of Appeals for the Fifth Circuit, *Riddle* v. *United States,* 279 Fed. 216, where the judgment so far as it concerns appellant was affirmed.

The point was not saved in a bill of exceptions, and it was not considered by the Court of Appeals. After the rendition of the judgment by that court, appellant sued out a writ of *habeas corpus* in the District Court for the Northern Division of the Northern District of Georgia, seeking release from imprisonment on the ground that the jury which convicted him was illegally constituted of less than twelve men. That court, on the return of the appellee and after hearing, discharged the writ and remanded appellant to custody, from which order the case comes here by appeal.

That the trial court had jurisdiction to try and punish the appellant for the offense with which he was charged is not disputed. The attempt is collaterally to impeach the record, showing upon its face that a lawful jury was duly empaneled, sworn and charged. Appellant's remedy, as suggested in the mandamus proceeding, was by writ of error. He did not avail himself of it and whatever may have been the cause or excuse for not doing so, *habeas corpus* cannot be used as a substitute. *Frank* v. *Mangum,* 237 U. S. 309, 326, and cases cited; *In re Lennon,* 166 U. S. 548, 552; *In re Coy,* 127 U. S. 731, 758–759. The

writ of *habeas corpus* is not a proceeding in the original criminal prosecution but an independent civil suit, *Ex parte Tom Tong,* 108 U. S. 556, 559, in which the record of the trial court is not open to collateral attack but imports absolute verity. See *Ex parte Tobias Watkins,* 3 Pet. 193, 202–203, 207; *In re Lennon, supra,* p. 553; *Grignon's Lessee* v. *Astor,* 2 How. 319, 340–342; *Matter of Gregory,* 219 U. S. 210, 213–214, 218; 2 Black on Judgments, § 625; 1 *Id.* § 254.

The power to inquire into facts outside the record, allowed under some circumstances, *In re Mayfield,* 141 U. S. 107, 116, cannot be extended to such as are inconsistent with the record.

The *Frank Case,* relied upon by appellant, does not decide otherwise. The language quoted (237 U. S. 331) to the effect that the court may " look behind and beyond the record . . . to a sufficient extent to test the jurisdiction of the . . . court " and " inquire into jurisdictional facts, whether they appear upon the record or not " was not meant to abrogate the rule established by prior decisions that the record may not be contradicted collaterally at least, where, as here, jurisdiction of the cause or parties is not involved; and this is demonstrated by the cases cited in support of the statement. In *Cuddy, Petitioner,* 131 U. S. 280, 286, the Court, sustaining the propriety of the inquiry there permitted, said: " Such evidence would not have contradicted the record." In the *Mayfield Case, supra,* it was said that the inquiry might involve " an examination of facts outside of, but not inconsistent with, the record." 141 U. S. 116. Nor is there anything to the contrary in the other two cases cited.

The court below was right in ruling that it was without authority to review or set aside the action of the trial court, for, as this Court said in *Sargeant* v. *State Bank of Indiana,* 12 How. 371, 385: ". . . whatever may be

the powers of a superior court, in the exercise of regular appellate jurisdiction, to examine the acts of an inferior court, the proceedings of a court of general and competent jurisdiction cannot be properly impeached and reexamined collaterally by a distinct tribunal, one not acting in the exercise of appellate power."

The order of the District Court denying the writ is

*Affirmed.*