## CAMPBELL v. ADERHOLD, Warden.
### No. 7021.

Circuit Court of Appeals, Fifth Circuit.
Oct. 24, 1933.

Frank A. Doughman, of Atlanta, Ga., for appellant.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

John A. Campbell, the applicant for a writ of habeas corpus, is held under several sentences; but the only one complained against is one of ten years which followed conviction on an indictment in the District Court of Rhode Island in which the grand jurors presented "that Michael Morello, late of the City of Newport, in said District, James Murray, Joe Green, Van Protenburg, all late of Newport commorant, in said District, John Campbell and Harry Leonard, both late of the town of Middleton, in said District, did heretofore, to-wit, on or about the 18th day of September, A. D. 1929, unlawfully, wilfully, knowingly and feloniously rob" another of personal property belonging to the United States. It is said that the words, thrice repeated, "in said District," which are the only words which could suggest the place at which the robbery occurred, do not qualify the verb which follows them but only locate the towns mentioned as the residences of the several defendants; that the indictment in consequence charges no crime within the territorial jurisdiction of the court, and the trial and sentence are therefore void and the prisoner entitled to release. It was neither alleged nor proven on trial of the habeas corpus case that the robbery did not occur in the District of Rhode Island, but reliance was placed on the omission of the record to show that it did.

We think the indictment fairly and naturally read does fail to charge the place of the crime and would have been bad on demurrer and probably on motion in arrest of judgment. In all such proceedings taken before the judgment becomes final, it is the duty of the court to scrutinize its record to be sure that it serves its purposes to inform the defendant fully of the charge against him, to confine the trial to that charge, and to identify it as a protection against future double jeopardy. But when the defendant suffers a doubtful record to become final he may not freely criticize it in an indirect attack upon it. He is ordinarily conclusively bound by it on habeas corpus and may not contradict what it expressly asserts. Riddle v. Dyche, Warden, 262 U. S. 333, 43 S. Ct. 555, 67 L. Ed. 1009. If it fails fully to identify the offense, he may on a plea of autrefois acquit or convict supplement it by parol evidence. On habeas corpus he may sometimes challenge the jurisdiction of the court ever to have made a record and may thus go behind its statements. But in a collateral attack upon the judgment of a court of record having a general jurisdiction upon the ground of a want of jurisdiction in the particular case that want must affirmatively appear either from the face of the record or by clear, competent evidence aliunde. A mere failure of the record to show a jurisdictional fact, the existence of which is consistent with what is shown by it, is aided

by the presumption in favor of such courts, and that presumption must be rebutted. In the case of courts martial which have no presumption to support them, the failure of the record to show jurisdiction is vital, yet the defect may be supplied if jurisdiction in fact existed, either by recourse to what may be judicially noticed by the habeas corpus court or to extraneous proof there produced. Givens v. Zerbst, Warden, 255 U. S. 11, 41 S. Ct. 227, 65 L. Ed. 475. The presumption of regularity dispenses with the need of supporting evidence in the case at bar, because the District Court is a court of record and had general jurisdiction to try crimes of the sort charged if done in Rhode Island. Ex parte Cuddy, Petitioner, 131 U. S. 280, 9 S. Ct. 703, 33 L. Ed. 154. Its record showing a regular trial except that it does not appear whether the crime was or was not done there, it will be presumed that the court did as it should have done, satisfied itself on that point. Another court on habeas corpus would not be justified in releasing a convicted man who even now is not denying that the court did in fact have jurisdiction to try him, but complains only that the record does not expressly show where the crime was committed. Knewel, Sheriff, v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; United States v. Pridgeon, 153 U. S. 48, 59, 14 S. Ct. 746, 38 L. Ed. 631.

Judgment affirmed.