### FISHER v. JOHNSTON.
### No. 8652.

Circuit Court of Appeals, Ninth Circuit.
Feb. 23, 1938.

Joseph Fisher in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the ex parte denial of appellant's application for the issuance of a writ of habeas corpus, evidently upon the ground that the petitioner failed to allege sufficient facts to justify the issuance of an order to show cause why a writ should not issue. The petitioner alleges that he is detained by the appellee, warden of the United States Penitentiary at Alcatraz, by virtue of two sentences and judgments for imprisonment of the United States District Court of Massachusetts at Boston, rendered July 22, 1935. One judgment is for imprisonment for two years, and the other for a period of twenty-five years, to be served concurrently. The latter term has not expired.

The petitioner has proceeded in propria persona and, by leave of court, in forma pauperis. Although he evidently has access to a law library, petitioner's complete

failure to understand the matters cited by him indicate that he is unlearned in the law. Under such circumstances, we are inclined to overlook the lack of technical accuracy in his pleading, but the petition is not only unintelligible, but is elusive and evasive.

Apparently the appellant claims that he was sentenced after a trial and without a verdict of guilt. The judgment of a court of competent jurisdiction imports verity; hence, if necessary to support it, it is implied that the petitioner did in fact plead guilty. Ex parte Watkins, 3 Pet. 193, 28 U.S. 193, 7 L.Ed. 650; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009. Whether the presumption of verity is conclusive, if there has been neither a verdict of guilt nor plea of guilt, need not be determined for reasons now to be stated.

The allegations of the petition are not inconsistent with the proposition that petitioner may have pleaded guilty after having first pleaded not guilty on June 3, 1935. The petition seems to imply this to be the fact. Petitioner states that "the plea of the petitioner (defendant) Joseph Fisher at the instigation of the trial judge served no purpose in aiding the jury. It was just a matter of a prejudiced judge in invading the rights of the jury, and it at most only fulfilled the curiosity of the eager watchers for a return of a verdict of 'guilty.'" Again, petitioner states, "What difference would it make for the learned trial judge to have the petitioner (defendant) Joseph Fisher admit his guilt to the jury and the trial judge go so far as to ask the jury, Do you accept his plea, and the jury say in a group of twelve 'We do.'" The other allegations of the petition must be construed in the light of these tacit admissions.

The petition states that petitioner was tried by a jury and that the jury failed to return a verdict notwithstanding which, it is alleged, the court imposed sentence. Attached to the petition is what purports to be a statement of facts. In this statement it is said that on July 10, 1935, the jury returned to the court room and upon inquiry stated they had reached a verdict which was handed by the foreman to the clerk, whereupon it was read. It is stated that the certified copies of the instructions and verdict in the two cases were attached and made a part of the petition. But they were not so attached. In a brief argument,

also attached to the petition, it is again stated that the jury returned its verdicts which were attached and made a part of the petition. Next, it is stated "there are no verdicts returned by the trial jury in causes (indictments) Nos. 12953 and 12956." It is next stated, "But regardless of no verdicts returned by the trial jury, your petitioner (defendant) Joseph Fisher was brought before the bar and asked by the Honorable Hugh D. McClelland, trial judge, on the twenty-second (22nd) day of July 1935 A.D., if your petitioner (Defendant) Joseph Fisher had anything to say as to why judgment should not be pronounced upon him in accordance with the verdicts in causes Nos. 12953 and 12956, respectively and your petitioner answered 'No.'" In the paragraph entitled, "Propositions of law relied upon for issuance of writ," attached to the petition, petitioner argues that "* * * when the trial jury in said causes failed to return a verdict, it was a fraud for the trial court to proceed to judgment and sentence in the case at bar and the judgment and sentence is null and void and the respondent is without jurisdiction and authority to hold your petitioner."

In a document attached to the petition entitled, "Conclusions in support of propositions of law," it is again stated that "* * * the trial jury, was doubtful as to your petitioner's guilt and, therefore, refused to return a verdict as to your petitioner."

The allegations of the petition that there was no verdict and that the verdict was returned and attached to and made a part of the petition, when in fact it was not so attached, left the matter in such condition that the District Court properly denied the petition. Leave to amend was not necessary as the petitioner could file a new petition setting up additional matters to justify his release if such matters existed. It should be added that the appellant has filed with this court a certified copy of the record of the United States District Court of Massachusetts showing that on July 2, 1935, the appellant withdrew his plea of not guilty and pleaded guilty on each indictment. According to the petition, this must have occurred during the progress of the trial which began June 18, 1935, and ended July 10, 1935, when a verdict was returned. Such a plea would account for the fact, if it be a fact, that no verdict was returned against the

petitioner. The petitioner has also furnished this court, on his own initiative, with copies of the indictments under which he was sentenced. It appears therefrom that there were four others jointly indicted. If these codefendants were convicted or acquitted by the jury, it would account for the conflicting allegations of the petitioner that there was no verdict as to his guilt and the allegation that verdicts were returned.

We hold that as the allegations of the petition show that the petitioner is detained under judgments of a court of competent jurisdiction, having jurisdiction as well over the offense charged as over the person of the defendant, and fail to show that the petitioner did not plead guilty to the indictments against him, he has not stated a prima facie case for the issuance of process in a habeas corpus proceeding.

Affirmed.