**IRVIN v. ZERBST, Warden.**

**KELLER v. SAME.**

**Nos. 8656, 8657.**

Circuit Court of Appeals, Fifth Circuit.

June 16, 1938.

John Keller, in pro. per.

John Irvin, in pro. per.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy, H. T. Nichols, and Harvey H. Tisinger, Asst. U. S. Attys., all of Atlanta, Ga., for the United States.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

John Irvin and John Keller were, with others, jointly indicted in the Eastern District of Virginia. The record in their case here material reads: "Defendants Keller and Irvin upon waiving formal arraignment pleaded not guilty in manner and form as charged in the indictment filed herein, and the defendants Keller and Irvin having waived their right of trial by jury, and the court having heard the testimony of witnesses, finds the defendants guilty as

258

charged against them in the indictment." They were sentenced and confined in the penitentiary in Atlanta. Separate but substantially identical petitions for habeas corpus were made, the material allegation being as to the recital in the record touching waiver of jury trial: "that this part of the record is untrue, and that there is no written authority on file with the Clerk of the Court of the Eastern District of Virginia to authorize such statement. Your petitioner avers that neither Keller nor Irvin in person or by counsel in writing or by word of mouth waived such right. Petitioner further submits that such rights cannot be waived, either orally or in writing, regardless of the fact that some courts have held that such rights can be waived if waiver is made in writing." Evidence was taken by deposition, after notice to the petitioners, of the two Assistant District Attorneys who conducted the prosecution, who testify that Keller and Irvin were brought into court unrepresented by counsel, and that a named attorney of the bar was appointed by the court to represent them, and he conferred with the defendants. When the case was called he in the defendants' presence stated that they waived trial by jury, whereupon the Assistant District Attorney stated to the court that it would not be necessary to further detain the jury, and the court dismissed the jurors for the day. The witnesses, including the defendants, were then heard by the court. The defendants at no time raised any objection to being tried by the court instead of by the jury. The Assistant District Attorneys by agreeing to the dismissal of the jurors consented to the waiver, as did the court by dismissing them. On this evidence the District Court held that "jury trial was waived by the expressed and intelligent consent of the defendants with the consent of government counsel and the sanction of the Court", and the trial was valid. The prisoners were remanded.

■ The appellants cite many of the older authorities to the effect that under the Constitution of the United States a jury trial in a criminal case cannot be waived. These authorities do not prevail against the decision in Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263, where the whole matter was reconsidered and it was determined that such a waiver can be made if deliberately and understandingly done with the consent of the prosecution and the court.

■ The appellants next contend that no evidence outside the record can be received, and that the record recital is too meager to show a valid waiver. It is generally true that the record cannot be impeached or contradicted collaterally, but if untrue must be corrected by the court that made it. Riddle v. Dyche, Warden, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009. But if this record stands as written, it clearly states that the defendants waived a jury trial. This imports that it was done in a proper and legal manner. The evidence offered and received is not in contradiction of the record but to explain and support it. It was regularly taken by depositions; and a habeas corpus case not being a criminal trial, there was no right of confrontation by the witnesses. Nor were the Assistant District Attorneys who prosecuted the case in anywise disqualified as witnesses. These objections to their testimony are not well taken. According to their evidence, which is uncontradicted, there was a clear waiver of jury trial by these appellants through their counsel, and the recital of the record appears to be the truth. No law requires a written waiver.

Judgment affirmed.