## SPANN v. ZERBST, Warden.
### No. 8814.

Circuit Court of Appeals, Fifth Circuit.
Nov. 3, 1938.

Eddie Spann, in pro. per.

Lawrence S. Camp, U. S. Atty., and J. Ellis Mundy and Harvey H. Tisinger, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Eddie Spann was indicted in the United States District Court· for the Eastern District of Virginia. The record in his case material here reads: "Whereupon, trial by jury being waived, the evidence as to the law and facts was heard by the Court and upon the conclusion thereof, the Court doth find the defendant guilty on counts 1, 2, 3, 4, 5, and 6, and not guilty on counts 7 and 8."

Spann was sentenced and is now confined in the United States Penitentiary at Atlanta, Georgia. He petitioned for habeas corpus, the material allegation being that the trial was invalid since it violated the petitioner's right to trial by jury.

In an amendment to the formal answer to the petition, proof in the form of three affidavits was submitted. The affidavit of the United States Attorney shows waiver of trial by jury by the government. The affidavit of the Deputy Clerk shows waiver of trial by jury by the petitioner, and the sanction of the waiver at that time by the Court. The affidavit of John Hirschberg, attorney for petitioner, Eddie Spann, expressly states that Spann waived trial by jury, and requested that he be tried by the Judge.

A trial by jury in a criminal case may be waived. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

It is generally true that the record cannot be impeached or contradicted collaterally, but if untrue must be corrected by the Court that made it. Riddle v. Dyche, Warden, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Irvin v. Zerbst, Warden, 5 Cir., 97 F.2d 257.

The affidavits offered do not contradict the record, but explain and support it. According to all the evidence, which was uncontradicted, there was a waiver of trial by jury by the appellant.

Affirmed.