## CENTERS v. SANFORD, Warden.
### No. 9746.

Circuit Court of Appeals, Fifth Circuit.

June 3, 1941.

Paul Crutchfield, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tysinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The proceeding was habeas corpus. The ground was that petitioner did not waive,

but was denied, the assistance of counsel for his defense. Respondent flatly denying petitioner's claim, attached a certified transcript of the record of the court of conviction, which among other things showed that on defendant's motion, the court appointed one Short, to represent him as counsel and that defendant thereafter entered a plea of guilty. There was a hearing, at which petitioner testified; that he did not have an attorney, but tried to get one; that he did not know that one had been appointed for him; that he did not plead guilty to robbing the mails; that he was sick and was told by the district attorney that he had better plead guilty; that he went into the court to try to plead guilty merely to hauling some one in his wagon to buy a span of mules; and that when he tried to explain to the court that he had nothing to do with the robbery, the court said, "I know all about it I want to know. I have to give you 25 years." Respondent offered the record, and testimony; that the defendant first entered a plea of not guilty, and then a day or two later changed his plea; that though in an impaired physical condition he was perfectly at himself mentally; that the significance of his plea of guilty was explained to him carefully; and that he understood it.

The hearing over, the court made findings; that the facts were as shown by the transcript of the record; that petitioner was arraigned in the trial court, first entering a plea of not guilty; that upon announcing that he did not have counsel, counsel was on his motion appointed for him; that later he changed his plea from not guilty; and that petitioner was in such mental and physical condition that he knew what he was doing at the different stages of his arraignments, pleas and sentence, and therefore had not sustained the burden imposed upon him by law.

Upon the authority of Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, he discharged the writ and remanded the petitioner.

Petitioner is here insisting that the docket entries, "April 23, 1935: Order: Plea not guilty, Blake Centers Motion for Bill of Particulars—Overruled. Demurrer filed—Overruled. April 25, 1935: Motion for Blake Centers for Court to appoint attorney. W. T. Short appointed as counsel for Blake Centers.", were self-impeached because they show the appointment

of an attorney on April 25th and motions and demurrers filed and overruled on April 23d, two days before the appointment. He makes the further insistence that the denial of the writ was based on the court's finding that the record imported absolute verity, that Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed.——, is to the contrary of this and it, in view of petitioner's testimony, required a different ruling.

Petitioner is in error in his contention that Johnson v. Zerbst and Walker v. Johnston, supra, have established the rule that the testimony of petitioner in a habeas corpus proceeding as to facts, not merely outside of but inconsistent with the record, must be taken, by the hearing judge, as overthrowing that record and compelling petitioner's discharge. They do hold that under Federal Statutes the right of a petitioner in habeas corpus proceedings has been expanded, so that now a prisoner in custody may have a judicial inquiry into the very truth and substance of the causes of his detention, and that such a judicial inquiry involves the reception of testimony upon the issues tendered. But they do not hold or purport to hold that the unsupported testimony of a petitioner to facts which are inconsistent with, which indeed flatly contradict the record, must be accepted by the district judge as overthrowing the affirmative pronouncements of the record and as establishing petitioner's right to discharge. On the contrary, while affirming the right of the petitioner to make claim that the judgment against him was without jurisdiction, they rightly declare that the burden on him to sustain his claim is heavy and must be well carried. "It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of Counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ." Johnson v. Zerbst, 304 U.S. 468, 469, 58 S.Ct. 1025, 82 L.Ed. 1461.

In that case the record showed that petitioner had not had counsel, it was silent upon the point at issue, whether he had "competently and intelligently waived his right to counsel." Here it shows affirmatively that he did have counsel, and his right to relief depended upon his proving facts, not merely outside of, not merely inconsistent with, but completely contradicting the record.

In such a case his burden was indeed heavy[1] and the district judge was clearly justified in finding that he had not sustained it. The judgment is affirmed.

---

[1] Cf. Ex parte Thomas J. Cuddy, Petitioner, 131 U.S. 280, 9 S.Ct. 703, 33 L. Ed. 154; Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; In re Mayfield, 141 U.S. 107, 11 S.Ct. 939, 35 L. Ed. 635.