## MARTIN REDWAY
*vs.*
## RALPH WALKER, WARDEN

Superior Court          Hartford County          File No. 71975

MEMORANDUM FILED FEBRUARY 3, 1945.

*Alfonce C. Fasano,* of New Haven, for the Plaintiff.

*Arthur T. Gorman,* Assistant State's Attorney, of New Haven, for the Defendant.

O'SULLIVAN, J.  On a hearing held after the issuance of a writ of habeas corpus, the plaintiff was ordered to be discharged from the state prison.  The defendant has appealed and the plaintiff has now moved that he be admitted to bail.  The proceeding of habeas corpus is civil in nature, although the detained party is confined by virtue of criminal process.  *Riddle vs. Dyche,* 262 U.S. 333.  Section 366 of the Rules of Practice (Practice Book, 1934) provides that execution shall be stayed, if an appeal has been filed, until the final determination of the cause by the Supreme Court of Errors.  The rule, however, provides for two exceptions of which one is presently inapplicable.  The other permits the judge, who heard the cause, to order execution of the judgment if he is of the opinion "that the due administration of justice requires it."

No argument need be advanced to support the position that a grave injustice will be done Redway if no error is found on appeal.  Nor will harm to defendant or the State ensue if the cause is remanded, because the bail will be contingent upon Redway's surrendering himself to the state prison to complete any unexpired portion of the sentence for which he legally may be confined.

Accordingly, the plaintiff is admitted to bail, the amount being set at $1,000.  When the bail piece is prepared it may be presented to me for approval.