## EDMINSTON v. HUNTER, Warden.

### No. 3452.

Circuit Court of Appeals, Tenth Circuit.

May 5, 1947.

Ben Bozeman, of Denver, Colo., for appellant.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from an order denying discharge in habeas corpus proceedings.

Petitioner was indicted in the United States District Court for the Northern District of Texas for robbery of a Federal bank in violation of 12 U.S.C.A. § 588b. At the time the indictment was returned petitioner was serving an aggregate sentence of 109 years in the Texas State Penitentiary. After being taken to Dallas, Texas, to answer the charges in the Federal indictment, petitioner entered a plea of guilty and was sentenced to a term of twenty years, with the provision that such sentence should not run concurrently with any other imprisonment then being served. When petitioner was released from the State Penitentiary in 1944 on conditional parole he was taken into custody by the

---

692

Federal authorities and committed to the Federal penitentiary at Leavenworth, Kansas, for service of a two year sentence which had been previously imposed in the Western District of Louisiana for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and the twenty year sentence imposed in the Texas Federal court.

 By this proceedings petitioner challenges the validity of both the Louisiana and Texas judgments, however since the filing of the petition for the writ the Louisiana judgment has been fully served and all questions concerning its validity are now moot and need not be considered.

The judgment of the Texas court is attacked on the ground that petitioner was deprived of his constitutional right to the assistance of counsel. In support of this allegation petitioner testified that when taken before the Texas court to answer the charges in the pending indictment, he did not enter a plea of guilty but that the United States Attorney, Mr. Estes, pleaded him guilty; that when he was asked by the court if he had anything to say as to why sentence should not be imposed, he told the court he would like to see an attorney, but the court replied "you have done entered a plea of guilty and I sentence you to twenty years". Petitioner denied that he was advised by the court of his right to counsel or that any offer was made to appoint counsel for him.

The return of the Warden pleads the Texas judgment, which recites that "Charles William Edminston, appearing in proper person and having been advised of his constitutional right to counsel and having been asked whether he desired counsel assigned by the court replied that he did not * * *." No other record of the proceedings was introduced in evidence.

 We have repeatedly said that the factual recital in the judgment of sentence of the court imports absolute verity, and in the absence of fraud it cannot be collaterally challenged by parole testimony. McGuire v. Hunter, 10 Cir., 138 F.2d 379, reversed and remanded on other grounds, 322 U.S. 710, 64 S.Ct. 1053, 88 L.Ed. 1553; Thomas v. Hunter, 10 Cir., 153 F.2d 834; Bennett v. Hunter, 10 Cir., 155 F.2d 223.

See also Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Carter v. People of Illinois, 329 U.S. 173, 67 S.Ct. 216.

 Although the petitioner admittedly did not rely upon fraud, the trial judge, apparently out of an abundance of precaution allowed him to testify in direct contradiction to the crucial recital in the judgment, and treated the testimony as raising an issue of intrinsic fraud. After weighing the testimony against the recital in the judgment he found it to be "fantastic, without substance and unworthy of belief". The factual recital in the judgment was certainly sufficient to create an issue of fact as against the petitioner's testimony, which the trial court had the function to resolve, and having resolved the conflict it is binding here.

The judgment denying the writ is affirmed.