MEREDITH v. GOUGH, Acting Warden.

No. 12302.

Circuit Court of Appeals, Fifth Circuit.

May 4, 1948.

Rehearing Denied May 27, 1948.

John K. Meredith, of Atlanta, Ga., in pro. per., for appellant.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tsinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

PER CURIAM.

The appellant mistakenly speaks of the court reporter's record as minutes of the court. The reporter's report shows that the

judge stated informally in open court what sort of sentences he wished to impose, stating the fines and imprisonments and which were concurrent and which cumulative, and asked the district attorney to prepare such a sentence and judgment, the appellant and his counsel being present. The written sentences prepared and signed by the judge and entered on the minutes of the court recite the presence of the appellant and his counsel when they were made. The written sentences are definite and certain, and in line with the oral instructions, though the latter are not clear enough probably to stand as sentences. Appellant, relying on Hill v. Wampler, 298 U.S. 460, 464, 56 S.Ct. 760, 80 L.Ed. 1283, contends that the oral pronouncement is the only sentence, and the written amplification is void, and ultimately that the oral pronouncement is an insufficient sentence.

We do not understand Hill v. Wampler to rule what is contended, but only that the clerk's commitment must conform to and not exceed the court's sentence. What was said about the sentence had reference to the practice at that time. In 1937 an amendment of the then Rule I was made, whereby the sentence was required to be in writing and signed by the judge and entered on the minutes of the court (301 U.S. p. 717, 57 S.Ct. lxii) and these sentences were imposed in 1944, and followed the amended rule and the commitments follow the sentences. They are regular and valid. See Miller v. Sanford, 161 F.2d 292.

Judgment affirmed.

On Motion for Rehearing.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

On motion for rehearing, the motion is denied. The record of the case, as shown in the Clerk's minutes, signed by the judge, is the unimpeachable record which the appellate court must regard as true. Riddle v. Dyche, Warden, 262 U.S. 333, 336, 43 S.Ct. 555, 67 L.Ed. 1009. The trial court alone has the power to make this record conform to the truth, if it does not do so.