## HARRIS v. ELLIS.

### No. 13755.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1952.

George Harris, pro. per.

No appearance entered on behalf of appellees.

Before BORAH, RUSSELL, and RIVES, Circuit Judges.

PER CURIAM.

This appeal is from a final order by a court of the United States in a *habeas corpus* proceeding where the detention complained of arises out of process issued by a State Court. Under the provisions of Section 2253, Title 28 U.S.C., a certificate of probable cause is a jurisdictional prerequisite to such an appeal. The appellant does not present such certificate but, on the contrary, there appears in the record an order of the district judge denying such certificate.

The record standing thus, and the judges of this court, after an examination of the record, being of the opinion that the dis-

trict court rightly denied the petition [1] and that upon the authority of Ex parte Hawk, 321 U.S. 114, 116, 117, 64 S.Ct. 448, 88 L. Ed. 572; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Darr v. Burford, 339 U.S. 200, 203, 204, 70 S.Ct. 587, 94 L.Ed. 761, there exists no probable cause for an appeal, and declining to issue such certificate, the appeal is dismissed for want of jurisdiction.

[1] In denying the petition the district court assigned as grounds for its decision:

"a. Such petition does not show that petitioner is held in custody of the Statute Authorities in violation of the Constitution, laws, or treaties, of the United States.

"b. Such petition does not show that petitioner has exhausted his remedies in the State Court, nor does it show an extraordinary condition which would permit or require this court to take jurisdiction in the absence of his exhausting his remedies in the State Court. See Darr v. Burford, U.S.—[339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761]."