the language from that opinion last quoted above.

For the reasons stated, the order dismissing the action for lack of jurisdiction will be reversed and the cause will be remanded to the court below for further proceedings not inconsistent with this opinion.

Reversed and remanded.

### PARSONS v. MOORE.
#### No. 14104.

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1952.

Otis Parsons, in pro. per.

Willis E. Gresham, Asst. Atty. Gen. of Texas, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

This appeal is from a final order denying a petition for habeas corpus where the detention complained of arises out of process issued by a state court. Under the provisions of Sec. 2253, Title 28 U.S.C., a certificate of probable cause is a judicial prerequisite to its consideration. The appellee moves to dismiss the appeal for want of such certificate.

It appearing to the judges of this court, upon an examination of the record, that the district judge rightly denied the petition, that there exists no probable cause for appeal, and that this court should decline to issue such a certificate the motion is granted, and the appeal is dismissed for want of jurisdiction. Cf. Harris v. Ellis, 5 Cir., 194 F.2d 604, and Seymour v. Ellis, 5 Cir., 196 F.2d 495.

### HENSON v. ELLIS.
#### No. 14148.

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1952.

T. H. Henson, Huntsville, Tex., for appellant.

Willis E. Gresham, Asst. Atty. Gen. of Texas, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

PER CURIAM.

This appeal is from a final order denying a petition for habeas corpus where the detention complained of arises out of process issued by a state court. Under the provisions of Sec. 2253, Title 28 U.S.C., a certificate of probable cause is a judicial prerequisite to its consideration. The appellee moves to dismiss the appeal for want of such certificate.

It appearing to the judges of this court, upon an examination of the record, that the district judge rightly denied the petition, that there exists no probable cause for appeal, and that this court should decline to issue such a certificate, the motion is granted, and the appeal is dismissed for want of jurisdiction. Cf. Harris v. Ellis, 5 Cir., 194 F.2d 604, and Seymour v. Ellis, 5 Cir., 196 F.2d 495.

**MATHEIN v. SEAWELL.**

No. 6503.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 19, 1952.

Decided Nov. 19, 1952.

Hazel K. Mathein, pro se.

W. G. Pittman and Fred W. Bynum, Rockingham, N. C. (Pittman & Webb, Bynum & Bynum, and McNeill Watkins, Rockingham, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in a suit for damages against an attorney in which the plaintiff alleges that the attorney, who was representing her in a divorce action, was guilty of negligence in allowing a judgment to be entered against her. It appears that the judgment was entered when the attorney was engaged in another court and after he had secured from opposing counsel consent that trial of the divorce action be continued. Upon motion made by the attorney, the judgment which had been obtained was set aside and the case was subsequently non-suited. There is no evidence that the attorney was guilty of negligence or that plaintiff sustained any damage whatever as a result of the entry of the judgment. The judge below properly held that she was not entitled to a recovery and entered judgment for defendant.

Affirmed.