## BAKER v. ELLIS, General Manager, Texas Prison System.

### No. 14403.

United States Court of Appeals
Fifth Circuit.

May 15, 1953.

Douglas W. Baker, Huntsville, Tex., in pro. per.

Willis E. Gresham, Asst. Atty. Gen. of Texas, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Though begun by a new petition for the writ of habeas corpus, the grounds upon which relief is sought are substantially the same as those referred to in our decision in Baker v. Ellis, 194 F.2d 865. Upon presentation of the petition, the court entered an order directing Ellis, as General Manager of the Texas Prison System, to file an answer, and to include as a part thereof copies of any specified records and documents.

Response was filed in accordance with the court's order. Thereupon the court, in a memorandum order, with careful detail, considered and disposed of each contention of the petitioner in the light of the State Court records, both with relation to whether he had exhausted his State remedies in such respect and as to the merits of the contention in any event. The result was a declination to either issue the writ of habeas corpus or to enter another order to show cause. The petition was dismissed.

■ The trial Court allowed an appeal in *forma pauperis*, but declined to issue a certificate of probable cause. The appeal is thus subject to dismissal unless we find probable cause in the record.[1]

■ The respondent has filed a motion to dismiss because of the absence of such certificate by the trial judge, and upon the further ground that during the pendency of the appeal the petitioner, represented by counsel, instituted in the State Court of Texas an application for the writ of habeas corpus which has been heard and determined adversely to his contentions. A transcript of the testimony at this hearing is attached as a part of the motion. Upon our examination of the record to determine whether we should accept jurisdiction of the appeal it appears that this question of representation by counsel is the only question which could be deemed worthy of further consideration. This is so, not because of any ultimate intrinsic merit in petitioner's contention, but because of the presence of a contradiction, upon which the petitioner confidently relies, between the statement in the certificate of the State Court trial judge and the records of that court. This conflict, however, does not go to the material question of whether the trial court appointed counsel, but as to the name of the counsel who was appointed. Upon consideration of the petition for the writ of habeas corpus now before us, the trial court credited the statement of the certificate of the State Court

judge that Joe Trippet, Esquire, since deceased, had been appointed as counsel for the then defendant rather than the statement in the order, or minute entry, of the trial court that Frank Tirey, Esquire, was appointed to represent Baker. The transcript of the testimony now tendered as a part of the motion to dismiss, referred to above, discloses that the judge of the trial court, testifying as a witness, reasonably explained how the discrepancy between the certificate and the trial court formal record occurred. It arose primarily from the fact that the judge did not examine the records of the court, but gave the certificate from memory which is now concededly faulty, since it is established that Mr. Trippet was, at the time of the sentencing, a State assistant district attorney. It further appears from such transcript that Mr. Tirey was called as a witness on behalf of the petitioner in the State Court habeas corpus proceeding. His name appears on the record as a witness on behalf of the State in the original criminal case. He could not testify positively that he was, or was not, appointed counsel for petitioner, but affirmatively stated that he had no recollection of such appointment. The petitioner urges this as proof that he was in fact without qualified counsel at the time his plea of guilty was considered. Referring again to the transcript attached to the motion to dismiss, there was testimony that the sole purpose of subpoenaing Mr. Tirey was that he had been a former State district attorney and it was proposed to show by him only that the defendant was an habitual criminal as was originally charged in the indictment. However, as a result of an agreement between the defendant and the prosecuting attorney, this charge was stricken from the indictment prior to the entry of the plea of guilty so that the plea was to be entered only upon the charge of burglary. In these circumstances, there was no disqualification of the attorney to adequately represent the defendant, after the habitual crim-

**1.** 28 U.S.C.A. § 2253; Campbell v. Mayo, 5 Cir., 158 F.2d 960, certiorari denied 331 U.S. 856, 67 S.Ct. 1745, 91 L.Ed. 1863; Harris v. Ellis, 5 Cir., 194 F.2d 604; Seymour v. Ellis, 5 Cir., 196 F.2d 495; Tann v. Smyth, 4 Cir., 182 F.2d 939; Brite v. People of State of California, 9 Cir., 178 F.2d 925.

inal charge was out of the case, upon his plea of guilty to the charge of burglary. The substantial issue was whether Mr. Tirey was appointed to, and did, represent the petitioner as counselor. As to this, the presumptive validity of the judgment recital that the defendant appeared with counsel, and the minute entry that Mr. Tirey was appointed as his counsel, may not, in this collateral attack, be impeached or disproved only upon petitioner's testimony to the contrary, the inability of such counsel to recall the appointment and the erroneous statement of the judge of the name of the counsel who was appointed. Neither any nor all of these circumstances would warrant the release of the petitioner, even assuming their admissibility. Indeed, this case illustrates the validity and necessity of the general rule that the recitals of the formal court records are not subject to collateral attack.[2] Shortly after receiving, in 1936, the sentence he now attacks, the petitioner escaped and remained at large until 1947. After this passage of time, it would be unusual if the recollection of an active professional man or a judge were not indefinite, or even faulty. The court records which show that the petitioner did have counsel at the time his plea of guilty was heard are controlling here.

We overrule the motion to dismiss, but in doing so we imply no departure from the requirement of exhaustion of state remedies as prescribed by the statute.[3] We do not know the basis of the State Court decision which is said to have denied the petition for the writ. Upon the former appearance of this case, the appellee, by brief, conceded that as to the point here discussed the appellant had exhausted his state remedies. In these circumstances, we will not invite further proceedings in the federal court by dismissing the appeal upon the ground urged, even though such action might be justified. We think the ends of justice and judicial administration will be best served by considering the appeal upon its merits. This we have done, and, for the reasons above indicated, find no error in the rulings of the trial court which authorize a reversal of its judgment.

Judgment affirmed.

2. Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009; Meredith v. Gough, 5 Cir., 168 F.2d 193; Ossenfort v. Pulaski, 5 Cir., 171 F.2d 246.

3. 28 U.S.C.A. § 2254.