UNITED STATES of America

v.

Joseph Louis ROZANC, Michael DeBlassio, Jr., James Barton Jackson, Ronald Matthew Mego, Carl William Thomas.

Cr. A. Nos. 61–74 to 61–76, 61–77;
Civ. A. Nos. 62–876, 62–877.

United States District Court
W. D. Pennsylvania.

Nov. 14, 1962.

Thomas Shannon, Asst. U. S. Atty., for the United States.

A. Arthur Boscia, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This civil proceeding comes before the Court on motions to vacate sentence filed by petitioners pursuant to 28 U.S.C.A. § 2255.

The proceeding arises out of a series of four bank robberies involving five young men who conducted their criminal activities as Enterprise, Inc. Following

the entry of guilty pleas, sentence was imposed by this member of the Court.

The Court has conducted an extensive hearing and considered most exhaustively the testimony presented in support of the allegations set forth in the motions to vacate sentence. There is absolutely no basis to support the motion and, in each instance, it is denied.

Prior to imposition of final sentence, in view of the grievous nature of the crimes and the youth of the offenders, a complete study and evaluation of all factors was deemed advisable in order that the interests of each defendant and of society would be realized. Accordingly, sentence for study was originally imposed under the provisions of 18 U.S.C.A. § 4208(b).

Upon completion of such study, the Director of the Bureau of Prisons recommended that a sentence of fifteen years to the custody of the Attorney General be imposed on each of said defendants under the provisions of 18 U.S.C.A. § 4208(a) (2), with parole consideration to be given at the discretion of the United States Board of Parole. The Court imposed sentences under the provisions of 18 U.S.C.A. § 4208(a) (1), committing each defendant to the custody of the Attorney General for a period of fifteen years and *providing for parole eligibility for each defendant upon serving a term of three years.*

The Act under which this proceeding to vacate sentence is instituted, 28 U.S.C.A. § 2255, would require relief only if:

A. The sentence was imposed in violation of the Constitution or laws of the United States, or

B. The Court was without jurisdiction to impose the sentence, or

C. Sentence was in excess of the maximum authorized by law, or

D. Sentence was otherwise subject to collateral attack.

Petitioners do not allege that the sentence was in excess of the maximum authorized by law, nor could they, since it clearly was within the permissible limits.

■ Unquestionably, the Court had jurisdiction to impose each sentence. When said defendants appeared before the Court for arraignment and sentence, their appearance was directed by a writ of habeas corpus ad prosequendum, 28 U.S.C.A. § 2241(a) and (c) (5), and in view thereof, they were legally in custody of federal authorities and subject to the jurisdiction of the court. See Carbo v. United States, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (1961); United States ex rel. Moses v. Kipp, 232 F. 2d 147 (7th Cir., 1956); Lunsford v. Hudspeth, 126 F.2d 653 (10th Cir., 1942).

Therefore, the questions which must be resolved relate solely to whether the sentences were imposed in violation of the Constitution or laws of the United States or, under the facts and circumstances, are otherwise subject to collateral attack.

■ Proceedings under 28 U.S.C.A. § 2255, like a petition for writ of habeas corpus, are civil in nature and are not proceedings in the original criminal prosecutions, but are independent civil suits. Heflin v. United States, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); Riddle v. Dyche, 262 U.S. 333, 336, 43 S.Ct. 555, 67 L.Ed. 1009 (1923).

■ Since the proceeding is civil in nature, the burden of proof is on the movants or petitioners to establish, by a preponderance of evidence, that there has been a deprivation of some right or privilege under the Constitution or laws of the United States, or are otherwise subject to collateral attack. Hawk v. Olson, 326 U.S. 271, 279, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Walker v. Johnston, 312 U.S. 275, 286–287, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

The testimony proffered by the petitioners attacks the manner, method or procedures of arrest, subsequent detention and preliminary hearing of each

defendant; the manner and method by which oral or written statements were given by the petitioners; the circumstances under which pleas of guilty were entered, including, more specifically, the role played by their legal counsel, and the effect of a mistaken belief in the minds of the petitioners that the sentence imposed would be substantially different from the one actually imposed.

 The complaint of the petitioners concerning the manner, method or procedures of apprehension, arrest, preliminary hearing, detention of the defendants subsequent to arrest and the giving of written and oral statements of guilt are matters which can be considered in a motion to vacate sentence only to determine whether the pleas of guilty were made voluntarily and without coercion, duress or promise. See United States v. Morin, 265 F.2d 241 (3rd Cir., 1959); Thomas v. United States, 290 F. 2d 696 (9th Cir., 1961), leave to file for certiorari denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962). Except insofar as irregularities in any of these occurrences affect the voluntariness of the guilty pleas, the pleas of guilty waive any and all non-jurisdictional defects, defenses and irregularities. See United States v. Morin, supra; United States v. Gallagher, 183 F.2d 342, 344 (3rd Cir., 1950); Thomas v. United States, supra.

██ It is my considered judgment that the petitioners not only did not sustain the burden of proof cast upon each of them, but the evidence clearly establishes, beyond peradventure of doubt, that no rights afforded to any of the petitioners under the Constitution or laws of the United States were directly or indirectly violated by any officer of the United States in the apprehension, arrest, prosecution, entry of pleas of guilty and sentences imposed on any of the defendants.

Courts of the United States should be ever alert to safeguard and protect those accused of crime, and make positive that Constitutional rights, which are such an integral part of our democracy, are not violated or disregarded. However, these rights should not be abused nor should our courts be labored with fantastic assertions and claims which impugn the honesty and integrity of capable, sincere and conscientious law enforcement officers.

This proceeding, devoid of merit in any and all respects, is an example of the use, without any basis in fact or in law, of the courts by those who have committed flagrant and grievous crimes to gain their freedom and liberty without payment of their debt to society.

Not only is criticism not appropriate for the local, state and federal officers who were concerned in the investigation of the divers crimes, but more appropriately, the highest commendation should attach to the law enforcement officers concerned therewith for the exemplary administration of their duties.

## FINDINGS OF FACT

1. Each defendant was given a proper preliminary hearing in accordance with the provisions of law.

2. Each defendant was advised as to his Constitutional rights.

3. No representative of the United States denied any of the defendants the right to legal counsel.

4. Each defendant was apprehended, arrested and held in custody in accordance with the provisions of law.

5. No officer of the United States or any other officer threatened the relatives of any of the defendants.

6. No defendant was physically abused or threatened or intimidated in any way by any officer concerned with the investigation and apprehension of the defendants.

7. Any statements made by any of the defendants were given without promise, coercion, force, fear, threats or intimidation.

8. No defendant was encouraged, coerced or intimidated, nor promised any leniency by any officer of the United States, the United States Attorney or

the Court before entering a plea of guilty.

9. Each defendant was adequately represented by counsel when the guilty pleas were entered.

10. The pleas of guilty of the five defendants were not based on any statements, written or oral, given by them while under allegedly illegal detention, nor on any evidence allegedly illegally seized, nor were the pleas induced by any promise or threat by federal or state law enforcement officers, the United States Attorney, the Court, or any officers of the Court, but were voluntarily entered after consultation with counsel and with full knowledge of their rights under the law because they were, in truth, guilty of the crimes charged.

■ The sentence subsequently entered by the Court, after evaluation and study, was imposed by written order in accordance with the provisions of law. No need existed on the part of the Court to have said defendants appear before the Court prior to the reduction, pursuant to 18 U.S.C.A. § 4208(b), of said sentences as originally imposed. United States v. De Blasis, 177 F.Supp. 484 (D. Md.1959). The legislative history of 18 U.S.C.A. § 4208 indicates that Congress did not intend that a prisoner would have to be returned from prison to be present in the courtroom when his original sentence was affirmed or reduced pursuant to 18 U.S.C.A. § 4208(b):

"After receiving from the Director of the Bureau of Prisons a summary of this study, the court in fixing the final penalty may affirm the original sentence or impose a modified sentence under any applicable provision of law. The prisoner would not have to be present in the court when this final action on his sentence is taken. Inasmuch as the original sentence of the court represents the maximum authorized by statute, any later modification by the court would constitute a reduction in sentence. There is ample precedent for this provision. The last line of 43, Rules of Criminal Procedure (18 U.S.C., ch. 237) reads: 'The defendant's presence is not required at a reduction of sentence under rule 35.' H.R.Rep.No. 1946, 85th Cong., 2d Sess. 10 (1958)."

## CONCLUSIONS OF LAW

1. Sentence was imposed consistent with provisions of existing law.

2. Jurisdiction existed in the Court to impose sentence.

3. Sentence was not imposed in excess of the maximum authorized by law.

4. Each sentence is not otherwise subject to collateral attack.

5. Each defendant had the aid of legal counsel.

6. No promises, threats or intimidations were imposed on any of the defendants prior to the entry of pleas of guilty.

7. The allegations in each of defendant's motions that he entered his plea of guilty as a result of threats or promises made by law enforcement officers, the United States Attorney or the Court is not established by credible testimony.

8. The pleas of guilty were voluntarily and knowingly entered, and were free from coercion or promises of any kind.

9. The statements of defendants which allegedly resulted from unlawful detentions and from the evidence allegedly illegally seized do not invalidate the sentences imposed upon their voluntary pleas of guilty made after consultation with competent counsel and with full knowledge of their Constitutional rights.

10. There was no denial of any Constitutional rights of any of the defendants nor of any rights given under the laws of the United States to any of the defendants, nor are the sentences otherwise subject to collateral attack.

11. No basis exists to grant the motion to vacate sentences as to any of said defendants.

## ORDER

AND NOW, THIS 14th day of November, 1962, the Motion to Vacate and Set Aside the Sentences Imposed on

Ronald Matthew Mego, James Barton Jackson, Carl William Thomas, Joseph Louis Rozanc, and Michael DeBlassio, Jr., on the 11th day of August, 1961, in which each of the defendants was committed to the custody of the Attorney General of the United States or his authorized representative for a period of fifteen years, and in which it was provided that each defendant shall become eligible for parole upon serving a term of three years is, in each instance, refused.